David SCHWINDLING, Appellant,

v.

Melba SMITH, Records Supervisor, Cummins Unit; Steve Clark, Attorney General, State of Arkansas, Appellees.

No. 84–2491.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1985.

Decided Nov. 21, 1985.

Pat Harris, Little Rock, Ark., for appellant.

Randel Miller, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before ARNOLD and WOLLMAN, Circuit Judges, and REGAN,* Senior District Judge.

---

* The Hon. John K. Regan, Senior United States District Judge for the Eastern District of Missou-

ARNOLD, Circuit Judge.

This is an action under 42 U.S.C. § 1983 brought by a prison inmate, David Schwindling, to challenge the validity under the Due Process Clause of the Fourteenth Amendment of Act 93 of 1977, Ark.Stat. Ann. §§ 43—2828-30. The effect of the challenged Act, in Schwindling's case, is to lengthen the time before he will be eligible for parole because he is a fourth offender, having been convicted three times of felonies before the conviction for which he is now serving time.

Schwindling's principal objection turns on the fact that the court which sentenced him did not find that he was a fourth offender. Although he could have been charged and sentenced under the habitual-offender sentencing statutes, Ark. Stat.Ann. §§ 41–1001 et seq., he was not. He was simply tried and convicted of burglary and theft of property and sentenced to terms of 20 years and 10 years, respectively, the terms to run concurrently. It was only after he entered the custody of the Department of Correction that his previous offenses became relevant. At that time, it became the duty of the Department to compute his parole-eligibility date, and, as already noted, §§ 43–2828-30 make previous offenses relevant to this computation.

We see no constitutional infirmity in this procedure. Certainly judicial process is due process, but due process need not always include a determination by a court. If Schwindling wishes to attempt to show that he was in fact not convicted of three previous felonies, or that one or more of these convictions was uncounseled, or that, for any other valid legal reason, one or more of these convictions should not be counted against him for present purposes, the law of Arkansas provides a procedure for such a challenge. He can supply relevant documentation to the Department of Correction, and, if the Department still disagrees with him, he can bring suit to have his records corrected. See *St. John v.*

ri, sitting by designation.

*Lockhart,* 286 Ark. 234, 691 S.W.2d 148 (1985). Thus, there is a forum available to Schwindling in which he can obtain a hearing and a reasoned determination whether the provisions of the parole-eligibility statute are being properly applied to him. The federal Constitution requires no more.

 Schwindling also contends that by its terms Act 93 applies only to persons judicially determined to be habitual offenders, that Act 93 does not permit use of pre-1977 convictions in determining parole eligibility, and that such consideration of his pre-1977 convictions subjects him to an *ex post facto* law. The first two of these arguments are simply questions as to whether the Department of Correction has properly interpreted state law; errors of state law (if there were any) do not, without more, give rise to an action under 42 U.S.C. § 1983. Nor is there a violation of the Constitution's prohibition of *ex post facto* laws here, because the crime for which Schwindling is incarcerated was committed after the enactment of Act 93 and its revision of parole-eligibility guidelines. Compare *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (Florida statute altering availability of "gain time for good conduct" held unconstitutional as an *ex post facto* law when applied to persons imprisoned for crimes committed before the statute's enactment).

We appreciate the services of appointed counsel in this case.

The judgment of the District Court,[1] dismissing Schwindling's suit with prejudice, is

Affirmed.

---

1. The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas.