**Aubrey L. SCHWARTZ,
Petitioner–Appellee,**

v.

**Raymond M. MUNCY, Warden,
Respondent–Appellant.**

No. 86–7391.

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1987.

Decided Dec. 2, 1987.

Linwood Theodore Wells, Jr., Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen. of Virginia, Richmond, Va., on brief), for respondent-appellant.

Douglas Todd Paris, Student Counsel (Barry Nakell, School of Law, University of N.C., Chapel Hill, N.C., on brief), for petitioner-appellee.

Before WIDENER, PHILLIPS and WILKINS, Circuit Judges.

WIDENER, Circuit Judge:

Raymond M. Muncy, warden at the Buckingham Correctional Center in Virginia, appeals from the district court's judgment ordering him to recompute Aubrey L. Schwartz' parole eligibility. While we agree that Schwartz' parole eligibility must be recomputed, our reasoning differs from that of the district court.

Schwartz has been convicted of malicious wounding or maiming on three separate occasions, once in 1968, once in 1978, and again in 1982. This case involves the sentence for the 1978 felony conviction,[1] Schwartz' second. For the 1978 felony, Schwartz was sentenced to a term of 20 years in prison, with the execution of 10 years of that term suspended.

In 1979, after Schwartz had committed his second (1978) felony and after he had been sentenced for that offense, Virginia replaced former Va.Code § 53–251 with a new statute, Va.Code § 53.1–151. Former Va.Code § 53–251 provided that "every person convicted of a felony, and sentenced and committed under the laws of the Commonwealth to any state correctional institution ... shall be eligible for parole after serving one-fourth of the term of imprisonment imposed...." New Va.Code § 53.1–151 introduced the new concept of requiring repeat offenders to serve longer portions of their sentence before becoming eligible for parole. Va.Code § 53.1–151(A)(3) would require Schwartz as a third offender to serve one-half of the term imposed, not to exceed fourteen years. This new statute, pursuant to its terms, applies only to "persons committed to the Department of Corrections on or after July 1, 1979." Va.Code § 53.1–151(I).

As a result of Schwartz' third conviction in 1982, several things happened. First, he was sentenced to a term of ten years, with five years of the sentence suspended. Second, on January 6, 1983, the court that had originally sentenced Schwartz for his second felony conviction and suspended one-half of his sentence, revoked that suspend-

---

**1.** Schwartz was tried, convicted, and sentenced by a state trial judge in 1978.

ed sentence and required Schwartz to serve the remainder of his term of imprisonment. Schwartz' parole on the second sentence was also revoked. Third, as a consequence of his third conviction, Schwartz was classified as a third-time felon for purposes of computing his parole eligibility date as to his third conviction under the new Virginia statute which became effective in July 1979.[2] See Va.Code § 53.1–151 (1982 Replacement Volume & 1987 Cumulative Supplement). Finally, and most important to this case, Schwartz was advised by the Virginia Department of Corrections that he would be classified as a third-time offender under § 53.1–151 for purposes of computing his parole eligibility as to time remaining to be served for his second (1978) conviction.[3]

Schwartz then filed this petition for habeas corpus, which the district court treated as a case under 42 U.S.C. § 1983.[4] He claimed that the Department's interpretation was incorrect and amounted to an *ex post facto* application of law. The district court[5] held that the Department had incorrectly applied § 53.1–151 as to his second offense. It interpreted § 53.1–151 to require that Schwartz be classified as a second-time felon for purposes of serving his 1978 sentence and thus ordered that Schwartz' second sentence parole eligibility be recomputed. The district court did not address Schwartz' *ex post facto* argument.[6] Muncy appealed.

The question before us is whether the application of Va.Code § 53.1–151 to Schwartz' second conviction revoked, suspended sentence violates the *ex post facto* clause. U.S. Constitution Art. I, § 10. We hold that it does and remand this case for a recomputation of Schwartz' parole eligibility date.

In *Warden v. Marrero*, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974), the Supreme Court held that the statutory conditions of parole eligibility are part of the punishment of a crime.[7] *Marrero*, 417 U.S. at 661–64, 94 S.Ct. at 2537–39. Moreover, the Court stated in *Marrero* that "a repealer of parole eligibility previously available to imprisoned offenders would clearly present the serious question under the *ex post facto* clause of Art. I, § 9 of the Constitution of whether it imposed a 'greater or more severe *punishment* than was prescribed by law at the time of the ... offense.'" (Italics added by the Court) Id. at 663, 94 S.Ct. at 2538. The Court next held in *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), that a gain time statute could not be amended to the disadvantage of a prisoner serving his

**2.** Schwartz does not challenge the application of § 53.1–151 to his third conviction sentence.

**3.** In May 1985, the Virginia Department of Corrections replied to a letter from Schwartz inquiring about his parole eligibility date. In its reply, the Department took the position that when Schwartz returned to the Department after committing his third offense, all the time that remained for him to serve on his 1978 and 1982 sentences, including his revoked, suspended second sentence of ten years and his non-suspended third conviction term of five years, was to be computed as a third term felon for purposes of determining parole eligibility. In other words, the Department informed Schwartz that he was required to be incarcerated for one-half of the total time remaining to be served on his second and third offense sentences before becoming eligible for parole.

This apparently was a changed construction of Va. Code § 53.1–151 by the Department. The Department's letter advised Schwartz that "[i]t is now the practice of the Department, based upon interpretation and advice of counsel, that...." Moreover, Schwartz, in his brief, represents to us, without refutation, that counsel for the Commonwealth has acknowledged that the Department changed its interpretation of the statute some time in 1983. That the Department may have changed its interpretation of the statute does not affect our decision in this case.

**4.** The Commonwealth takes no exception to this on appeal.

**5.** Pursuant to 28 U.S.C. § 636(c)(2), the parties consented to have a United States Magistrate conduct the proceedings in this civil action.

**6.** It not only is quite proper, but tempting, to avoid the constitutional question. That is not possible in this case, however, for the Virginia courts have upheld the Department's construction of the Virginia statutes in this very case. We are bound by the Virginia courts' construction of state law.

**7.** *Marrero* held that, as a matter of statutory construction, under a saving statute, a restriction on parole was not removed by the repeal of the statute.

sentence at the time of its enactment and that the *ex post facto* clause forbids the imposition of any punishment more severe than the punishment assigned by law when the act to be punished occurred. *Weaver,* 450 U.S. at 30, 101 S.Ct. at 965.

Applying these decisions to the facts of our case, we are of opinion that § 53.1–151's application to Schwartz' second (1978) offense parole eligibility date violates the constitutional proscription against *ex post facto* laws, and we so hold. The acts leading to Schwartz' 1978 conviction of course occurred prior to the 1979 change of the Virginia parole eligibility statute. Accordingly, the fixing of his parole eligibility date, which was part of his punishment, could not constitutionally be made "greater or more severe."[8] Yet, if the new Virginia statute were applied to Schwartz, this is precisely what would occur. His parole eligibility will mature at a later date under the 1979 statute than it would have under the statute in place at the time of his 1978 conviction and the acts causing the 1978 conviction. It is, therefore, the old Virginia statute, former Va. Code § 53–251, that should be applied in determining Schwartz' parole eligibility so far as his 1978 sentence is concerned.

Accordingly, this case is remanded for further proceedings consistent with this opinion.

REMANDED WITH INSTRUCTIONS.

---

**8.** Several circuits have held that parole eligibility is part of the law annexed to the crime at the time of a person's offense. The Commonwealth cites no cases to the contrary. E.g., *Burnside v. White,* 760 F.2d 217, 221 (8th Cir.) cert. denied, 474 U.S. 1022, 106 S.Ct. 576, 88 L.Ed.2d 559 (1985); *Lerner v. Gill,* 751 F.2d 450, 454 (1st Cir.1985), cert. denied, 472 U.S. 1010, 105 S.Ct. 2709, 86 L.Ed.2d 724 (1985). See especially *Granberry v. Thieret,* 823 F.2d 1212 (7th Cir.

1987), relating to the adoption of that rule in the Seventh Circuit.

We add that in *Miller v. Florida,* — U.S. —, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the Court held that the cases from the circuits holding the U.S. Parole Commission guidelines free from *ex post facto* defect would not suffice as a defense to a claim similar to that asserted by the prisoner here.