**James Martin GARNER, Appellant,**

v.

**Kay HOWELL, Records Supervisor Arkansas Department of Correction; Larry Norris, Warden, Arkansas Department of Correction, Appellees.**

No. 87-2379.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 25, 1988.

Decided March 3, 1988.

Rehearing and Rehearing En Banc Denied April 14, 1988.

James Martin Garner, pro se.

Lynley Arnett, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before McMILLIAN, GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

James Garner appeals from a final judgment entered in the District Court[1] for the District of Arkansas dismissing his suit brought under 42 U.S.C. § 1983. For the reasons discussed below, we affirm the judgment of the district court.

James Garner, an inmate of the Arkansas Department of Correction (ADC), is presently serving two concurrent twenty-year sentences for a 1979 conviction on two counts of aggravated robbery; and a consecutive two-year sentence for a 1980 attempted escape. He filed this civil rights suit against Larry Norris, the Warden; and Kay Howell, a records clerk, challenging the calculation of his parole eligibility date and requesting the court to order the ADC to recalculate his release date.

Garner alleged that at his 1979 sentencing the court ordered him to serve one-third of his sentence before becoming eligible for parole because he was still on parole from a 1977 conviction for property theft when he committed the crimes. Upon entering the ADC, Garner was informed that Act 93, Ark.Stat.Ann. §§ 43-2828 to 2830 (effective April 1, 1977), (*recodified at* Ark. Code Ann. § 16-93-602 (1987)), required him to complete one-half of his sentence before being eligible for parole because he was a second offender. After receipt of his two-year sentence for attempted escape, Garner was reclassified as a third offender, and informed he must now complete three-fourths of his total sentence before being eligible for parole.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

Garner first claimed that appellees violated his rights by originally requiring him to serve more time on his 1979 sentence than the court had ordered. Garner further claimed that, even assuming the 1979 parole calculation was proper, appellees were incorrect in later requiring him to serve three-fourths of the time received on both the robbery and escape sentences, instead of one-half of the robbery sentence and three-fourths of the escape sentence; and that by allowing the parole conditions governing his third offense to govern his second offense appellees violated the ex post facto clause.

The district court dismissed Garner's suit citing *Schwindling v. Smith*, 777 F.2d 431 (8th Cir.1985), for the propositions that (1) application of Act 93 to Garner without a prior determination by the sentencing court that its provisions applied to him, does not violate due process; and (2) alleged errors in the interpretation or application of Act 93 does not state a federal due process cause of action where the state provides a forum for redetermination of the contested date.

We agree that *Schwindling* is dispositive of Garner's first claim. Although the district court's order makes no reference to Garner's second claim, we read it as raising a constitutional issue and not just a question of application of state law. Nonetheless, the facts alleged do not constitute an ex post facto violation. A decision on Garner's parole eligibility date does not affect his original 20–year sentences. *See Roach v. Arkansas Bd. of Pardons and Paroles*, 503 F.2d 1367, 1368 (8th Cir.1974) (per curiam) (denial of parole does not increase sentence but merely perpetuates the status quo, *i.e.*, continued incarceration during the term of sentence); *see also*, Ark.Stat.Ann. § 43–2808 (*recodified at* Ark. Code Ann. § 16–93–701(b)(2) (1983)), (parole shall not be considered a reduction of sentence or pardon). By committing a felony while incarcerated, Garner has increased the portion of his original sentence which he must serve before he is again eligible for parole. We note had Garner been out on parole, the commission of a third offense would have triggered a revo-

cation and a similar recalculation of his parole eligibility on the second sentence. *See* Ark.Stat.Ann. § 43–2829(D) (*recodified at* Ark.Code Ann. § 16–93–604(d) (1987)). Accordingly, we find no constitutional violation and affirm the district court's dismissal.