875 F.2d 315
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Benjamin F. KEARNEY, Petitioner-Appellant,
v.
R.F. WILSON, Attorney General of Virginia, Respondent-Appellee.
 No. 89-6515.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 10, 1989.
Decided May 2, 1989.
 
 Benjamin F. Kearney, appellant pro se.
 Eric Karl Gould Fiske, Office of the Attorney General of Virginia, for appellee.
 Before K.K. HALL, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Benjamin Kearney was convicted of felony charges in 1985 and was sentenced to 27 years in prison. While serving his sentence, Kearney was informed by the Virginia Department of Corrections (DOC) that he would be treated as a third offender[1] for purposes of parole eligibility based on his 1985 convictions and prior convictions in 1966 and 1982. After exhausting state remedies, Kearney filed a 28 U.S.C. Sec. 2254 petition claiming that he should be treated as a second offender[2] because (1) the parole statute only applies to people committed to the DOC after July 1, 1979, and (2) the ex post facto clause prohibits consideration of his 1966 conviction. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Preliminarily, Kearney's claim that the DOC has misinterpreted the intent of the Virginia legislature is a question of state law and affords Kearney no relief in federal court. See Schwindling v. Smith, 777 F.2d 431, 433 (8th Cir.1985).
 
 
 3
 Furthermore, we reject Kearney's interpretation of the ex post facto clause. Kearney argues that the additional punishment imposed is an improper penalty for the 1966 crime (which was committed before the enactment of the parole statute). Kearney misapprehends the nature of the penalty imposed--his parole eligibility date is aggravated because of the 1985 offense, not his earlier offenses. Schwindling v. Smith, supra. This is because the 1985 offense is a repetitive offense and the Virginia legislature has properly decided to punish repeat offenders. Cf. Gryger v. Burke, 334 U.S. 728, 732 (1948) (use of prior convictions to establish habitual offender status). Therefore, there is no ex post facto violation. See Schwindling, 777 F.2d at 433.
 
 
 4
 Accordingly, we deny a certificate of probable cause and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the record before this Court and oral argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 Third offenders must serve one-half of the term imposed, not to exceed 14 years, before they are eligible for parole. Va.Code Sec. 53.1-151(A)(3)
 
 
 [2]
 Second offenders must serve one-third of the term imposed, not to exceed 13 years, before they are eligible for parole. Va.Code Sec. 53.1-151(A)(2)