875 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold B. AUSTIN, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 88-7343.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 28, 1989.
Decided: May 22, 1989.
 
 Harold B. Austin, appellant pro se.
 Eric Karl Gould Fiske (Office of the Attorney General), for appellee.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Harold Austin was convicted of felony charges in 1985 and sentenced to 30 years in prison. Upon his entry into the Virginia Department of Corrections (DOC), Austin was classified as a third offender[1] for purposes of parole eligibility based on his 1985 convictions and prior convictions in 1954 and 1960. Austin filed a 28 U.S.C. Sec. 2254 petition claiming that he should be treated as a first offender[2] because (1) the parole statute only applies to people committed to the DOC after July 1, 1979, and (2) utilization of prior offenses violates the ex post facto clause. Simply put, Austin sought to have his convictions in 1954 and 1960 not counted for purposes of determining his parole eligibility. On the recommendation of the magistrate, the district court dismissed the petition finding no constitutional violation. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Initially, we reject Austin's attempt to base federal relief on a claim that the DOC has misinterpreted state law. See Schwindling v. Smith, 777 F.2d 431, 433 (8th Cir.1985).
 
 
 3
 More importantly, Austin misperceives the protections afforded by the ex post facto clause. While it is clear that Austin's punishment has been increased by operation of the statute, see Schwartz v. Muncy, 834 F.2d 396, 397 (4th Cir.1987), Austin incorrectly argues that the additional punishment is a penalty for his earlier crimes. See Schwindling v. Smith, 777 F.2d at 433. A more apt characterization of the increased punishment is that it is an additional penalty for the 1985 offenses, which is aggravated because of the repetitive nature of the latest of Austin's offenses. See Gryger v. Burke, 334 U.S. 728, 732 (1948) (use of prior convictions to establish habitual offender status). Therefore, there is no ex post facto violation because Austin has been subjected to more severe punishment only for the 1985 offense. Schwindling, 777 F.2d at 433. Accordingly, we deny a certificate of probable cause to appeal the proper ruling of the district court.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record before this Court and oral argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 As a third offender, Austin must serve one-half of the term imposed, not to exceed 14 years. Va.Code Sec. 53.1-151(A)(3)
 
 
 [2]
 As a first offender, Austin would only have to serve one-fourth of the term imposed. Va.Code Sec. 53.1-151(A)(1)