877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Edward SMITH, Petitioner-Appellant,
v.
D.A. GARRAGHTY, Warden, Attorney General of Virginia,
Respondents-Appellees.
 No. 88-6771.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1989.
Decided May 26, 1989.
 
 Charles Edward Smith, appellant pro se.
 Hazel Elizabeth Shaffer, Office of the Attorney General of Virginia, for appellees.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles Edward Smith appeals from the district court's order denying habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. We adopt the reasoning of the district court on the issues of the admissibility and sufficiency of the evidence used to convict Smith. We disagree with the district court's opinion concerning Smith's parole classification pursuant to Va.Code Ann. Sec. 53.1-151.
 
 
 2
 Smith contends that the Virginia Department of Corrections is impermissibly relying on an uncounseled conviction in 1959 in determining his eligibility for parole.[1] Although the district court correctly held that, as a general proposition, pre-1979 convictions may be considered for parole classification purposes pursuant to Va.Code Ann. Sec. 53.1-151, Schwartz v. Muncy, 834 F.2d 396 (4th Cir.1987), a parole board may not rely on a prior conviction in determining an inmate's parole eligibility if that conviction was uncounseled. Strader v. Troy, 571 F.2d 1263 (4th Cir.1978).
 
 
 3
 The affidavit of Russell Wilson, manager of the Court and Legal Unit of the Virginia Department of Corrections, does not resolve the issue raised by Smith. Although paragraph six of that affidavit sets forth a lengthy conviction record since 1982, those convictions only establish two prior commitments that may be relied on in determining Smith's parole eligibility under Sec. 53.1-151. Consequently, it is clear that the department of corrections is relying on Smith's two prior commitments to the department, referred to in paragraph five of Wilson's affidavit, to classify Smith as a fourth-term felon.[2] However, the record does not establish whether either of these commitments resulted from the 1959 conviction that Smith contends was uncounseled.
 
 
 4
 Accordingly, we grant a certificate of probable cause and remand this case to the district court for a determination of whether Smith's 1959 conviction is being relied on for classification purposes. If so, it should then determine the validity of that conviction. See Strader v. Troy, 571 F.2d at 1269.
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 [1]
 Because Smith does not allege that he is entitled to parole but only that his eligibility should be determined without regard to his uncounseled conviction, this action is properly construed as one under 42 U.S.C. Sec. 1983. Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir.1978)
 
 
 [2]
 The district court incorrectly concluded that it need not decide if Smith's 1959 conviction was being used to classify him because Smith already had four other felony convictions being counted for classification purposes. Under Sec. 53.1-151, only felony convictions resulting in commitment are counted for classification purposes