896 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Timothy P. LOUGHLIN, Plaintiff-Appellant,
v.
R.F. WILSON, Defendant-Appellee.
 No. 89-6723.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Feb. 7, 1990.
 
 Timothy P. Loughlin, appellant pro se.
 William W. Muse, Assistant Attorney General, for appellee.
 Before WIDENER, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Timothy Loughlin, a Virginia prisoner, appeals the order of the district court granting defendant's motion for summary judgment on his 42 U.S.C. Sec. 1983 complaint. In his complaint Loughlin challenged the constitutionality and application of Va.Code Ann. Sec. 53.1-151. We affirm.
 
 
 2
 Loughlin's first claim is that the Virginia Department of Corrections (DOC) is treating him as a fourth offender for purposes of parole eligibility on the suspended portion of his third offense, which was revoked when he committed his fourth offense. We consider this to be an argument that the DOC is violating the Ex Post Facto Clause. However, we reject this claim because Sec. 53.1-151 has been in effect since 1979 and the DOC changed its interpretation in this regard "some time in 1983." Schwartz v. Muncy, 834 F.2d 396, 397 n. 3 (4th Cir.1987). Because Loughlin committed both his third and fourth offenses after these changes,* the statute does not act in a retrospective manner and, therefore, does not violate the Ex Post Facto Clause. See Weaver v. Graham, 450 U.S. 24, 29 (1981). Thus, this claim is meritless.
 
 
 3
 Loughlin raised several facial constitutional attacks on Sec. 53.1-151. The only claim which merits our discussion is Loughlin's claim that the statute violates the Equal Protection Clause because it directs the DOC not to count out-of-state felony commitments in determining the parole eligibility date. We review this claim only to ascertain whether there is a rational basis for this distinction. McGinnis v. Royster, 410 U.S. 263, 270 (1973). We think it is evident that the Virginia legislature could have rationally sought to deter felonies committed in Virginia through the enactment of Sec. 53.1-151. Therefore, we hold that the statute passes constitutional muster.
 
 
 4
 Accordingly, we affirm the order dismissing each of Loughlin's claims. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Loughlin committed his third offense in 1985 and his fourth offense in 1987