## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Randolph Harry Tyrrell

    v.

Gene A. Scroggy

April 25, 1990

Case No. L-89-721

By JUDGE WILLIAM H. LEDBETTER, JR.

In this habeas corpus proceeding, the petitioner contends that he is unlawfully detained because (1) the trial court failed to comply with Rule 3A:8(c) in connection with his plea agreement and guilty plea, and (2) trial counsel did not provide him effective assistance.

Randolph Harry Tyrrell was arrested in August, 1988, and charged with possession of cocaine with intent to distribute (Virginia Code § 18.2-248). With the help of his parents, he retained an experienced and reputable trial lawyer to represent him. After a preliminary hearing, the charge was certified to this court, and Tyrrell was indicted. At his pretrial arraignment, he entered a plea of not guilty, and the case was set for trial with a jury. Pursuant to a written plea agreement, he changed his plea to guilty and was convicted on March 9, 1989. Tyrrell was sentenced on May 15, 1989, to twenty-five years in the penitentiary, with ten years suspended upon certain conditions set forth in the court's order.

Tyrrell filed no post-conviction or post-sentencing motions. He did not appeal. On November 27, 1989, he filed the petition for writ of habeas corpus which is the subject of this opinion.

After denying the respondent's motion for summary dismissal, the court held a plenary hearing on March 8, 1990. Counsel thereafter filed memoranda. This opinion addresses the issues raised in Tyrrell's petition.

### *Rule 3A:8*

Plea agreement procedure in Virginia is governed by Rule 3A:8, substantially equivalent to Federal Rules of Criminal Procedure 11. Three types of plea agreements are recognized by the Rule: (1) the Commonwealth's Attorney may agree to move for nolle prosequi or dismissal of other charges, (2) the Commonwealth's Attorney may agree to make a recommendation for a particular sentence with the understanding that the recommendation is not binding on the court, or (3) the Commonwealth's Attorney may agree that a specific sentence is the appropriate disposition of the case. Rule 3A:8(c)(1)(A), (B), and (C).

In Tyrrell's plea agreement, the Commonwealth agreed "to *recommend to the court* the following specific punishment as the appropriate disposition in this case, as follows: (A) 10 to 20 years in the penitentiary . . . ." (Emphasis added.) (Plea Agreement, Para. 7.) Tyrrell acknowledged that he understood that the court "may or may not follow the Commonwealth's Attorney's recommendation." He also acknowledged that he understood that "if the court rejects *this agreement*," he would be permitted to withdraw his plea of guilty if he chose to do so. (Emphasis added.) (Plea Agreement, Para. 8.)

Despite the possible ambiguity in some of the language (terminology appropriate to a (c)(1)(B)-type agreement was intermingled with terminology appropriate to a (c)(1)(C)-type agreement), it is obvious that everyone understood the plea agreement to be of the type specified in (c)(1)(B). The court treated the plea agreement as a recommendation, (Tr. March 9, 1989, pp. 12 and 15.) The Commonwealth's Attorney characterized the agreement as a recommendation. (Tr. March 9, 1989, p. 12; Tr. May 15, 1989, pp. 7-8.) The defendant and his attorney recognized that the agreement was premised upon a non-binding recommendation. In fact, Tyrrell's attorney argued for a sentence *less* than the range of sentence contained in the recommendation, unmistakably evincing an understanding

that the recommendation was not an agreement for a specific disposition. (Tr. March 9, 1989, pp. 11-12; Tr. May 15, 1989, p. 13.)

Based on the foregoing and on a plain reading of the plea agreement, the court finds that the agreement contains a non-binding recommendation under (c)(1)(B) and that all parties considered it as such.

When a plea agreement is based on a non-binding recommendation, the trial court must advise the defendant that if the court does not accept the recommendation, he nevertheless has no right to withdraw his plea unless the Commonwealth fails to perform its part of the agreement. Rule 3A:8(c)(2).

The record discloses that the trial court did not reject the agreement. Instead, in response to defense counsel's request for a presentence report, the court granted the request because "even though you have reached a plea agreement, the recommendation of the Commonwealth does have some flexibility in it, so I think that it's good that we have a presentence report." (Tr. March 9, 1989, p. 15.) Clearly, the court accepted the agreement. At the sentencing on May 15, 1989, without explicitly accepting or rejecting the recommendation or commenting further on it, the court sentenced Tyrrell to twenty-five years with ten years suspended, for a total of fifteen years to serve. No one protested, objected, expressed surprise, or requested clarification. No motion was filed. No appeal was taken.

When viewed in proper perspective, the reason for Tyrrell's inaction is not difficult to comprehend; he and his attorney were satisfied with the sentence. His displeasure came later, not with the procedure used by the trial court in imposing sentence, but as a result of information that he received about parole eligibility.

Tyrrell's trial attorney testified in this proceeding that Tyrrell's primary concern prior to trial was the *length of incarceration.* He explained the background for this concern. The attorney had hired an investigator who had reported to him on the strength of the evidence against Tyrrell. The attorney had heard and analyzed the evidence at the preliminary hearing. He had engaged in discovery and in conversations with the Commonwealth's Attorney. He knew that Tyrrell had been convicted of a felony. Given

the overwhelming evidence against Tyrrell and Tyrrell's criminal record, the attorney's pretrial discussions with Tyrrell and with the prosecution were focused on an attempt to obtain a plea agreement by which Tyrrell would benefit from a recommended cap on the amount of time that he would serve.

Tyrrell's affidavit attached to his petition in this case candidly, if unwittingly, confirms his trial attorney's view of the plea agreement. In the affidavit, he states that his attorney informed him that the plea agreement would subject him to a *possible incarceration period* of between ten to twenty years.

Against this backdrop, it is apparent why Tyrrell was not surprised or disappointed with the sentence and why, despite his familiarity with the criminal justice system, he did not instruct his attorney to question the sentence, to file motions, or to appeal. He and his attorney had bargained for a cap on the amount of time which Tyrrell would serve, and they had achieved that goal with five years to spare.

Therefore, assuming that the trial court misspoke when it sentenced Tyrrell to twenty-five years rather than twenty years, the court finds as a fact that Tyrrell deliberately refrained from seeking corrective action in the trial court, or by appeal, because, as his attorney testified in this proceeding, he had effectively achieved his goal of receiving less than twenty years' incarceration.

This case -- at least, the first ground of the petition in this case -- is an outstanding example of the value of the rule, enunciated in numerous cases, that ordinarily a prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect at trial. *See Epperly v. Booker*, 235 Va. 35 (1988). Here, Tyrrell could have raised any questions about the trial court's alleged failure to comply with Rule 3A:8 in the trial court or by way of appeal, so that his dissatisfaction could have been addressed and the trial court could have corrected or clarified its disposition while it still had the power to do so. Tyrrell chose not to do so, for the reasons given above.

Accordingly, the court is of the opinion that the

first ground of relief set forth in Tyrrell's petition is without merit.

### Ineffective Assistance of Counsel

As noted above, Tyrrell's real complaint is not with the fifteen years which he was sentenced to serve on May 15, 1989, but that he is now informed that he is ineligible for parole. He connects this grievance to the trial proceeding because, he says, his attorney advised him to enter into a plea agreement without telling him that he would be ineligible for parole. This failure, he claims, constitutes ineffective assistance of counsel.

(Although he does not allege it in his petition, Tyrrell claims, as a separate basis for a finding of ineffective assistance of counsel, that his attorney was derelict in his failure to seek a correction of the sentence, or withdrawal of the guilty plea, when the trial court imposed sentence. For the reasons explained fully above, this contention is without merit. The court finds as a fact that Tyrrell's trial attorney did not fail in his duties to Tyrrell with regard to the court's alleged failure to strictly comply with the procedure of Rule 3A:8.)

Tyrrell's contention that he was denied effective representation when his attorney failed to address the parole issue prior to the plea agreement raises a threshold question. Has the Department of Corrections or any other agency or officer formally determined that Tyrrell is ineligible for parole under Virginia Code § 53.1-151(B)(2)? Tyrrell asserts that he has learned of his ineligibility, but the record does not establish whether any authoritative finding or decision has been made.

Nevertheless, for purposes of this proceeding, the court will assume that Tyrrell's information is correct, and it will address the substance of his claim regarding his trial counsel's alleged shortcomings.

In this proceeding, Tyrrell testified that he told his trial attorney about his two prior drug convictions. He also testified that if his attorney had told him that he would be ineligible for parole if convicted and sentenced to prison, he would not have pleaded guilty but, instead, would have taken his chance with a jury. His mother testi-

fied that she gave the attorney a search warrant and affidavit, used by police to search Tyrrell's residence in Prince William County, which contained information about Tyrrell's prior drug convictions. Witnesses testified that they discussed Tyrrell's parole eligibility with counsel after the trial and sentencing and were told by the attorney that the provisions of § 53.1-151(B)(2) do not apply to Tyrrell.

In contrast, Tyrrell's attorney testified that Tyrrell told him, in response to specific inquiry, that he had been convicted only once before of a felony drug offense. He explained that the search warrant papers were given to him by Tyrrell's mother in connection with another case, a drug charge then pending in Prince William County, and he put those papers in that case file without any reason to suspect that they may contain information pertinent to the Spotsylvania County case. He testified that he became aware of the two prior felony drug convictions only when he saw the presentence report several days before the May 15, 1989, sentencing. By that time, the plea agreement had been made, Tyrrell had entered a plea of guilty, and he had been convicted.

The court finds that Tyrrell, although he had been convicted twice of felony drug offenses, told his attorney that he had been convicted once and that the attorney relied on that statement in advising Tyrrell with regard to sentencing and parole eligibility.

The issue, then, is whether trial counsel had an affirmative duty to investigate Tyrrell's criminal record, notwithstanding what Tyrrell himself had told him.

This court is of the opinion that the standard for effective assistance of counsel explained in *Strickland v. Washington*, 455 U.S. 68 (1984), and its progeny, does not require such independent inquiry under the circumstances of this case. If an attorney receives information from his client, the accuracy of which he has no reason to doubt, it is not inappropriate for the attorney to forego an independent verification of that information from alternate sources even if the information from those alternate sources would have been readily available. *Johnson v. Cabana*, 805 F.2d 579 (5th Cir. 1986).

Here, trial counsel had no reason to question the verity of his client's statement concerning his prior

convictions. Tyrrell was no stranger to the process, and he knew the significance of prior convictions. There was no intellectual reason for his trial counsel to be on notice that the statement was false or unreliable.

Tyrrell claims that his attorney could have ascertained his criminal record simply by asking the Commonwealth's Attorney. Assuming that disclosure of a defendant's criminal record is a part of the discovery process under Rule 3A:11, it would be absurd for a court to hold, under facts such as shown in this case, that a trial attorney renders constitutionally-ineffective assistance when he fails to seek discovery of his client's own criminal record after his client has informed him, specifically and unequivocally, of his criminal history.

Tyrrell also contends that trial counsel should have seen his criminal record in the search warrant papers given to the attorney prior to trial. As noted above, those papers were in connection with another case, and it was reasonable for the attorney to place them in another file to be used on another occasion in another court. No one called the attorney's attention to the fact that the papers contained information concerning Tyrrell's criminal record, and the attorney had no reason to believe that the papers contained such information. Search warrant affidavits normally do not contain a subject's criminal record. Therefore, counsel did not act unreasonably in failing to peruse those papers for information about Tyrrell's prior convictions.

Finally, Tyrrell contends that his attorney misadvised him about his parole eligibility during discussions that he had with Tyrrell and his family. In essence, Tyrrell says that his attorney's post-trial reliance upon *Schwartz v. Muncy*, 834 F.2d 396 (4th Cir. 1987), was incorrect and that his later reference to *Fender v. Thompson*, 883 F.2d 303 (4th Cir. 1989), was likewise mistaken. In citing these decisions, Tyrrell's attorney was attempting to explain that the provisions of § 53.1-151(B)(2) may not apply to Tyrrell because his prior drug convictions, or at least one of them, predated the enactment of the relevant subsection.

This court need not address the strengths and weaknesses of the attorney's assertions on that issue. Right or wrong, the argument was not frivolous, and a citation

of the cases was not a denial of effective representation. Moreover, even if the attorney's position were found to be meritless, his action, coming many weeks after the trial and sentencing, did not prejudice Tyrrell. Tyrrell had made his plea bargain, had signed a plea agreement, had entered a plea of guilty, and had been convicted and sentenced to prison for fifteen years -- all with the advice of counsel which in turn was based on information about Tyrrell's criminal record that Tyrrell himself had supplied. At that point, it was too late for Tyrrell to recant and to supply the correct information so that his attorney could advise him properly about his parole eligibility in connection with the sentencing proceeding.

Tyrrell argues that his attorney's post-trial citation of the *Fender* and *Schwartz* cases indicates that the attorney knew of Tyrrell's record prior to trial but did not know the applicable rules. The argument, which invites the court to draw an inference from an inference is groundless.

For the reasons stated above, the court is of the opinion that Tyrrell's trial counsel was not ineffective.

The writ will be denied and the petition dismissed.