**Frizell STEPHENS, Plaintiff,**

v.

**Raymond M. MUNCY, et al., Defendants.**

Civ. A. No. 89–547–N.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 10, 1990.

Frizell Stephens, pro se.

Raymond H. Herring, Jr., Office of Atty. Gen., Richmond, Va., for defendants.

## ORDER

DOUMAR, District Judge.

Plaintiff, a Virginia state prisoner, filed this suit pursuant to 42 U.S.C. § 1983, alleging constitutional violations in the computation of his parole eligibility. Plaintiff argues that the operation of Va.Code Ann. § 53.1–151, enacted in 1979, violates his constitutional rights. Under that statute, plaintiff's parole eligibility for offenses committed in 1983 is determined in part by reference to a felony he committed in 1975, before the revised parole statutes went into effect. Plaintiff argues that this violates the Ex Post Facto Clause, U.S. Const. Art. I, § 9, cl. 3.[1]

Defendants filed a motion for summary judgment pursuant to Fed.R.Civ.Proc. 12(b)(6) and 56(b). Plaintiff has responded with a brief and supporting documents. The defendants' motion is now ripe for consideration.

The defendants' motion for summary judgment is GRANTED.

Plaintiff was convicted on September 16, 1983, for distribution of heroin on February 23, 1983, and for possession of heroin on February 24, 1983. He was sentenced to prison terms of 35 years and five years, respectively. On December 12, 1983, plaintiff pled guilty to a charge of attempted murder, committed on December 29, 1982, and was sentenced to a term of two years. Plaintiff was subsequently committed to the Virginia state prison system on his sentences totaling forty-two (42) years. This is plaintiff's second commitment to the Virginia state prisons; plaintiff had previ-

---

**1.** The statutory conditions of parole eligibility are part of the punishment of a crime. *Warden v. Marrero,* 417 U.S. 653, 661–64, 94 S.Ct. 2532, 2537–39, 41 L.Ed.2d 383 (1974). Retrospective limitation of parole eligibility previously avail-able to imprisoned offenders will violate the Ex Post Facto Clause. *Id.* at 663, 94 S.Ct. at 2538; *Weaver v. Graham,* 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981); *Fender v. Thompson,* 883 F.2d 303, 306 (4th Cir.1989).

ously been committed as the result of a felony committed in 1975. White Aff. ¶¶ 3, 4 (Defendants' Ex. 2); Plaintiff's Response to Defendants' Motion to Dismiss/Summary Judgment at 4.

Under Virginia's previous parole statutes, a prisoner became eligible after serving twelve years or one-fourth of his sentence, whichever was less. Va.Code Ann. § 53–251 (1972 Repl.Vol.). A prisoner like the plaintiff, who was committed to the Virginia state prisons as the result of a felony conviction for the second time, would be taken before the Circuit Court for the City of Richmond and tried as a recidivist. He would be sentenced to an additional term which would be added to his total sentence, delaying his parole eligibility by one-fourth of the additional recidivist sentence. Va.Code Ann. § 53–296 (1972 Repl.Vol.).

Virginia's parole statutes were substantially revised in 1979. Under the new statutes, plaintiff is classified as second term felon, on the basis of the 1975 felony conviction. As such, he must serve one-third of his prison sentence or thirteen years, whichever is less, before becoming eligible for parole. Va.Code Ann. § 53.1–151(A)(2) (1988 Repl.Vol. and 1990 Supp.).

Plaintiff does *not* claim that the application of the revised parole statutes to the sentences for his 1983 offenses is unconstitutional. Rather, plaintiff argues that because this is his first commitment since the Virginia parole statutes were revised in 1979, he should be classified as a first term felon. As a first term felon, plaintiff would be eligible for parole after serving one-fourth of his sentence or twelve years, whichever is less. Va.Code Ann. § 53.1–151(A)(1) (1988 Repl.Vol. and 1990 Supp.). Plaintiff argues that reference to his 1975 offense in determining his parole-eligibility status, and his resulting classification as a second term felon, violate the Ex Post Facto Clause.

■ Plaintiff misperceives the protections afforded by the Ex Post Facto Clause. An *ex post facto* law is one which imposes punishment for an act which was not punishable at the time it was commit-

ted, or which imposes punishment in addition to that prescribed for the act at the time it was committed. *Burgess v. Salmon,* 97 U.S. 381, 24 L.Ed. 1104 (1878). In order to make out a violation of the Ex Post Facto Clause, the accused must prove that the law applies to events occurring before its enactment, and that the accused is disadvantaged by it. *Crowell v. U.S. Parole Comm'n,* 724 F.2d 1406 (3d Cir. 1984). The prohibition against *ex post facto* laws is intended to ensure that an offender has notice of the criminality of and possible punishment for his offense. *See United States v. Casson,* 434 F.2d 415 (D.C.Cir.1970).

■ Virginia's revised parole statutes, as applied in this case, are not *ex post facto* laws, for they do not expose the plaintiff to any new or increased punishment for any offense committed before their enactment. While it is true that plaintiff's punishment for his 1983 offenses, for which he is presently incarcerated, has been increased by reference to his 1975 offense, this additional punishment is not a penalty for the 1975 offense. *See Schwindling v. Smith,* 777 F.2d 431, 433 (8th Cir.1985). Rather, it is an additional penalty for the 1983 offenses, which is aggravated because of the recidivist nature of plaintiff's latest offenses. The additional penalty is not for having committed a first crime, but for committing a second crime. *See Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948) (use of prior convictions to establish habitual offender status). At the time plaintiff committed the offenses for which he is now incarcerated, he had notice that his punishment would be increased because of his prior offense. Consequently, there is no *ex post facto* violation. *Schwindling v. Smith,* 777 F.2d at 433.

Although there is no Fourth Circuit authority on this question, the Fourth Circuit followed this same analysis in an unpublished opinion, and held that Va.Code Ann. § 53.1–151 was not an *ex post facto* law, even when it utilized offenses committed prior to its enactment to compute parole

eligibility.[2]

Schwartz v. Muncy, 834 F.2d 396 (4th Cir.1987), cited by plaintiff, is inapplicable. Schwartz involved the application of Virginia's revised parole eligibility statutes to the sentence imposed for a *pre*–1979 offense, whereas this case involves the sentence imposed for *post*–1979 offenses.

This Court HOLDS that the Commonwealth of Virginia, in applying its parole eligibility statutes enacted in 1979, under which prior felony convictions are to be considered, did not violate the Ex Post Facto Clause by allowing consideration of a 1975 felony conviction with regard to the parole eligibility of a felon convicted of a crime committed in 1983. The defendants' motion for summary judgment is therefore GRANTED, and the complaint as amended is DISMISSED.

■ In his original complaint plaintiff raised a number of other allegations:

1) Counselors at the pentitentiary were not giving inmates their earned good-time credits;

2) Counselors were not updating prisoner parole eligibility progress reports every six months as required by Virginia Department of Corrections guidelines;

3) Defendants were calculating plaintiff's parole eligibility incorrectly;

Plaintiff concedes in his brief that resolution of his *ex post facto* claim will eliminate his other claims. Plaintiff's Response to Defendants' Motion to Dismiss/Summary Judgment at 3. Although these claims need not be addressed, the Court FINDS that these allegations involve misapplication of state law, and thus fail to state a constitutional violation under 42 U.S.C. § 1983. To the extent that plaintiff's complaint is based on these claims, defendants' motion for summary judgment is GRANTED and the complaint as amended is DISMISSED.

Petitioner is ADVISED that he may appeal from this final order by forwarding a *written* notice of appeal to the Clerk of the United States District Court, Room 193 U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510, which said *written* notice must be received by the Clerk within thirty (30) days from the date of this order and may be filed without the prepayment of costs or giving security therefor.

IT IS SO ORDERED.

---

**2.** See Austin v. Murray, 875 F.2d 314 (4th Cir. 1989).