978 F.2d 1256
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. RICHEY, Plaintiff-Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF PROBATION, Parole, and Pardon
Services; T. Travis Medlock, Attorney General of
the State of South Carolina,
Defendants-Appellees.
 No. 92-6568.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 27, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry Michael Herlong, Jr., District Judge. (CA-89-2387-6-20H)
 Charles E. Richey, Appellant Pro Se.
 Carl Norman Lundberg, South Carolina Department of Probation, Parole & Pardon Services, Columbia, South Carolina, for Appellees.
 D.S.C.
 Affirmed.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles E. Richey appeals from the district court's order denying relief under 42 U.S.C. § 1983 (1988). Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Richey v. South Carolina Dep't of Probation, Parole, & Pardon Services, No. CA-892387-6-20H (D.S.C. May 14, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We note that application of the new state parole statute to Richey's most recent offense did not affect the quantum of punishment for his earlier preenactment offenses. He was only subjected to more severe punishment by operation of the new parole statute for the crime committed after the statute took effect. Hence, there was no ex post facto violation. See Gryger v. Burke, 334 U.S. 728 (1948); Schwindling v. Smith, 777 F.2d 431 (8th Cir. 1985)