998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Sewell SMITH, Petitioner-Appellant,
v.
Edward W. MURRAY, Director, Virginia Department of
Corrections, Respondent-Appellee.
Michael Sewell SMITH, Petitioner-Appellant,
v.
Edward W. MURRAY, Director, Virginia Department of
Corrections, Respondent-Appellee.
Michael Sewell SMITH, Petitioner-Appellant,
v.
Edward W. MURRAY, Director, Virginia Department of
Corrections, Respondent-Appellee.
 Nos. 93-6001, 93-6007, 93-6008.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 4, 1993.
Decided: July 14, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-91-504-N, CA-91-503-N, CA-91-505-N)
 Michael Sewell Smith, Appellant Pro Se.
 Robert H. Anderson, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Sewell Smith appeals the district court's orders refusing habeas corpus relief on three separate petitions pursuant to 28 U.S.C. § 2254 (1988). We affirm on the reasoning of the district court on all but one of Smith's claims. Smith v. Murray, Nos. CA-91-504-N, CA91-503-N, CA-91-505-N (E.D. Va. Dec. 8, 1992; Dec. 9, 1992). We vacate the district court's order regarding Smith's parole eligibility claim (which he raised in each action) and remand that claim for further proceedings consistent with this opinion.
 
 
 2
 Smith was convicted of rape on April 7, 1983, and sentenced to life imprisonment for events occurring on August 29, 1982. On August 21, 1983, Smith was convicted of rape and sentenced to forty years imprisonment for events occurring on July 20, 1982. On January 13, 1984, Smith was convicted of robbery and sentenced to five years imprisonment for events occurring on April 10, 1982.
 
 
 3
 Smith alleged that he was improperly denied parole eligibility on each conviction pursuant to Va. Code Ann. § 53.1-151(B1) (Michie 1991). On July 1, 1982, the predecessor of that statute became effective:
 
 
 4
 Any person convicted of three separate felony offenses of murder, rape or armed robbery when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole.
 
 
 5
 1982 Va. Acts ch. 270.
 
 
 6
 Smith challenged the application of § 53.1-151(B1) as violative of the Ex Post Facto clause of the United States Constitution. Smith's two rape convictions were based on events occurring after July 1, 1982. When assessing whether Smith is eligible for parole with respect to these post-enactment offenses, the court may consider preenactment offenses to determine whether he has been convicted of the requisite number of felonies. Stephens v. Muncy, 751 F. Supp. 1214 (E.D. Va. 1990), aff'd, 929 F.2d 694 (4th Cir. 1991). Thus, the statute may constitutionally be applied to the rape convictions.
 
 
 7
 However, our review of the record suggests that Smith's 1984 conviction was for robbery, not armed robbery. Becauses 53.1-151(B1) authorizes denial of parole eligibility based upon armed robbery, Smith may have stated a claim if his conviction was for simple (unarmed) robbery. Therefore, we vacate that part of the district court's order dismissing Smith's parole eligibility claim and remand that claim for further proceedings so that the district court may determine whether Smith's 1984 conviction was for simple robbery or armed robbery.
 
 
 8
 Furthermore, even if Smith's 1984 conviction was for armed robbery (and therefore sufficient to trigger the application of § 53.1-151(B1) to the two rape convictions), Smith should not be denied parole eligibility on the robbery charge based ons 53.1-151(B1), because the robbery was committed prior to the effective date of the statute. Fender v. Thompson, 883 F.2d 303, 307 (4th Cir. 1989); Schwartz v. Muncy, 834 F.2d 396, 397-98 (4th Cir. 1987). Therefore, the district court erred in determining that § 53.1-151(B1) or its predecessor applied to the robbery charge. Accordingly, we vacate the district court's order in this regard.
 
 
 9
 We grant a certificate of probable cause to appeal, affirm the district court's orders in part, vacate in part, and remand for further proceedings. We deny Smith's motions to amend his informal brief and for appointment of counsel, and we deny his request for oral argument. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED