## Wanda GUTHRIE *v.* TYSON FOODS, INC.

84-219                                    685 S.W.2d 164

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*William A. Storey,* for appellant.

*Bassett Law Firm,* by: *William Robert Still, Jr.,* for appellee.

JACK HOLT, Jr., Chief Justice. This is a tort case in which a motion to dismiss for failure to state facts upon which relief could be granted was sustained. Our jurisdiction is based on Sup. Ct. R. 29 (1) (o).

The complaint alleged that the appellee had excavated a hole on its premises and had negligently and carelessly left it unguarded. It was further alleged that the appellant had been injured by stepping into the hole while she was walking across the appellee's premises "after working hours." The complaint did not allege that the appellant was employed by Tyson, nor did it otherwise allege by what right the appellant was on the appellee's premises.

After reviewing briefs supporting and opposing the motion to dismiss, the trial court sustained the motion on the basis that statements by both sides and exhibits to the briefs showed the appellant to be a Tyson employee and thus her exclusive remedy would be a worker's compensation claim. It was improper for the trial court to look beyond the complaint to decide a motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6), unless he was treating the motion as one for summary judgment according to the last sentence of Rule 12 (b). Even had he treated the motion as one for summary judgment it would have been incorrect to base the decision on allegations in briefs and attached exhibits. Ark. R. Civ. P. 56 (c) provides the court may consider "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any."

The result reached by the court was, however, correct. No fact stated in the complaint showed the appellant to have been other than a trespasser. The duty owed by a landowner to a trespasser or licensee is to refrain from wantonly or wilfully causing injury. *Husted* v. *Richards,* 245 Ark. 987, 436 S.W.2d 103 (1969). *See,* Note, 33 Ark. L. Rev. 194 (1979). The complaint in this case alleged simple negligence at best.

Although the language of Ark. R. Civ. P. 8 (a) is similar to Fed. R. Civ. P. 8 (a), we require a statement of "facts" showing the pleader is entitled to relief. *Harvey* v. *Eastman Kodak Co.,* 271 Ark. 783, 610 S.W.2d 582 (1981); H. Brill, Faculty Note, 34 Ark. L. Rev. 722 (1982). *See also, Chiles* v. *Fort Smith Comm'n Co.,* 139 Ark. 489, 216 S.W. 11 (1919), for an example of a complaint showing injury on defendant's premises and the right of plaintiff's decedent to be there.

Although the reason given by the court for sustaining the motion to dismiss was incorrect, the result was correct, as the appellant's complaint failed to state facts upon which relief could be granted, and thus we need not reverse. *Moose* v. *Gregory,* 267 Ark. 86, 590 S.W.2d 662 (1979); *Greeson* v. *Cannon,* 141 Ark. 540, 217 S.W. 786 (1920).

Affirmed.