Harold ST. JOHN v. A.L. LOCKHART, Director,
Arkansas Department of Correction;
Melba SMITH, Records Supervisor, Cummins Unit,
Arkansas Department of Correction

CR 84-210                                    691 S.W.2d 148

Supreme Court of Arkansas
Opinion delivered June 10, 1985

*Moses, McCellan & McDermott*, by: *Harry E. McDermott, III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant was convicted of five felonies and sentenced to the Department of Correction for fifteen years, the sentences to be served concurrently. Appellant had three earlier convictions in California and pursuant to the provisions of Act 93 of the 1977 Acts of Arkansas [Ark. Stat. Ann. § 43-2828 et seq. (Repl. 1977)], he was notified by the Department of Correction that as a fourth offender he was ineligible for parole, though still entitled to credit for good time. Appellant brought this action for declaratory judgment and mandamus and the trial court found he was not entitled to the relief requested. On appeal we affirm.

Appellant submits his felony conviction in Contra Costa County, California, in 1966 should not be considered for purposes of parole eligibility because he was convicted on a guilty plea entered without counsel. The record contains a certified abstract of a judgment of the Superior Court of Contra Costa, California, certifying that on October 24, 1966 a judgment of conviction was entered in Case No. 10082 on a plea of guilty of "completed check with intent to defraud" in violation of the California Penal Code. The judgment is dated October 24, 1966 and states that Wesley Helm was counsel for the defendant. The appellant was committed to the Director of Corrections of California to serve an unspecified term of imprisonment.

The record also contains a "Minute Order Decision" of the same California Court, dated July 1, 1982, which reads:

> The Petitioner, who was the defendant in this criminal proceeding, has requested a copy of his trial transcript. A review of the records discloses that the defendant on or

about September 19, 1966, entered a plea of Guilty to a charge of Penal Code Section 475(a). He was thereafter committed to the Department of Correction for the term prescribed by law. Thus, there was no trial. No transcript of the proceedings are in existence and the reporter's notes have long since been destroyed as provided for by statute.

The request is denied.

Appellant submits that because the Minute Order Decision states he entered a plea of guilty on September 19, 1966, whereas the judgment is dated October 24, 1966, this corroborates his claim that he was without counsel when his plea was entered, rendering it constitutionally infirm.

We attach no significance to the difference in dates, as the judgment does not disagree with the Minute Order Decision. The judgment does not reflect when the plea was entered, only that "judgment of conviction was entered on October 24, 1966." The appellant may have entered his plea on September 19, 1966 and the sentencing occurred on October 24, 1966. Or the plea and sentence may have occurred on September 19, but the entry of the judgment delayed until the later date. In any event, it is not the *date* of the appellant's plea that is the issue, but whether or not he was represented by counsel, and the certified abstract of the judgment states that he was. It even identifies the individual who represented him, a Mr. Wesley Helms.

We dealt with a similar argument in *Hill* v. *State*, 275 Ark. 1, 628 S.W.2d 285 (1982), where the right of the state to enhance a sentence because of prior convictions was challenged. Hill argued that one of the convictions should not be used because there was no proof he was represented by an attorney. We rejected the argument because the record reflected he was represented by counsel and our enhancement statute only requires proof of a *prior conviction*, not proof of the underlying elements of the conviction. The same may be said of the applicable statute in this case.

Nothing in the cases appellant has cited suggests that in determining parole eligibility a state must look behind a valid judgment of conviction upon a guilty plea where the record shows the defendant to have been represented by counsel. If one convicted of a felony can require a state to prove the underlying elements of a conviction nearly twenty years after the fact simply

by alleging that the facts are other than as stated in a facially valid judgment, then sentence enhancement and parole ineligibility because of previous convictions would be effectively eliminated from the penal system.

The dissenting view would hold that because the appellees did not move the trial court for judgment on the pleadings, or for dismissal for failure to state facts on which relief could be granted, we should reverse for procedural error. But we have said if a complaint fails to state facts sufficient to afford relief an appellate court may recognize that flaw, *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984), and we will sustain the trial court if it is right in the result. *Armstrong* v. *Harrell*, 279 Ark. 24, 648 S.W.2d 450 (1983). We find the rule permitting an appellate court to dismiss a complaint which fails to state a cause of action to be preferred in other states, based either on concepts of jurisdiction, or on a common sense approach that appellate review is of no purpose where a complaint does not state a cause of action in the first place. *Bonner Building Supply* v. *Standard Forest*, 682 P.2d 635 (Idaho App. 1984); *Midwest Bank & Trust* v. *Village of Lakewood*, 447 N.E.2d 1358 (Ill. App. 2 Dist. 1983); *Burchfield* v. *State*, 432 So.2d 1149 (La. App. 3 Cir. 1983); *Shooshanian* v. *Wagner*, 672 P.2d 455 (S.Ct. Alaska 1983).

We recognize that this proceeding is civil, which presumes the truth of the allegations of the complaint in determining whether a cause of action has been stated. But that does not mean that a bare allegation of lack of counsel can overcome a certified copy of the judgment which plainly refutes the allegation. *Hill* v. *State, supra*. By way of analogy, our post conviction remedies under A.R.Cr.P. 37 require more than bare allegations and must be supported by clear substantiation of fact. *Gilbert* v. *State*, 282 Ark. 504, 669 S.W.2d 454 (1984); *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981). Here, the only substantiation appellant offers for disallowing the 1966 felony conviction is the variance in dates, which, as we have said, is without substance.

The order appealed from is affirmed.

PURTLE, J., and DUDLEY, J., dissent.

ROBERT H. DUDLEY, Justice, dissenting. The majority, in accepting the arguments of the defendant, stray from our rules of procedure as well as from our substantive law.

The plaintiff, now appellant, filed his complaint for declaratory judgment and mandamus. The defendant answered, stating the complaint was "incorrect," and asked that the complaint be denied without a hearing. The defendant did not move for a dismissal for failure to state facts upon which relief can be granted, ARCP Rule 12(b)(6), nor did he move for a judgment on the pleadings, ARCP Rule 12(c), nor did he move for summary judgment, ARCP Rule 56. No affidavits were submitted. No briefs were allowed. Immediately after the answer was filed, the trial court ruled that the "allegations of the petitioner do not correctly state the facts and the petitioner is not entitled to the relief requested."

The plaintiff alleged that he pleaded guilty on September 19, 1966, without assistance of counsel. In testing the sufficiency of the complaint the allegations must be accepted as true. In addition, an exhibit indicates the allegation is true. Next, he alleged that on October 24, five days after he pleaded guilty, counsel was appointed and he was sentenced. The Supreme Court has ruled that it is reversible error to admit, for purposes of enhancing a sentence, evidence of a prior conviction by a guilty plea entered by a defendant unrepresented by counsel at the time of the plea. *Burgett v. Texas*, 389 U.S. 109 (1967). Therefore, the complaint substantively stated a cause of action and should not have been dismissed.

PURTLE, J., joins in this dissent.