James L. CARTER *v.* F. W. WOOLWORTH CO.

85-102                                    696 S.W.2d 318

Supreme Court of Arkansas
Opinion delivered September 30, 1985

40

*Thomas & Nussbaum, P.A.*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee.

JACK HOLT, JR., Chief Justice. This case presents a dispute over the coverage provided by an insurance policy. The trial court granted appellee's motion for summary judgment/motion to dismiss and dismissed the complaint with prejudice. It is from that order that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(o). We affirm the trial court's dismissal of the action.

The appellant, James Carter, was an employee of appellee

Woolworth, and participated in a group insurance policy which paid $50,000 after one year of total disability provided the insured is then permanently disabled. On July 18, 1978, Carter was injured and as a result became permanently disabled and never returned to work. On June 16, 1979, a memo was sent by Woolworth to all management employees informing them that a new insurance policy through the same company, I.N.A. Insurance Co., would be in force as of July 1, 1979. Carter received a copy of the memo. The second policy paid $250,000 after one year for a permanent disability. The memo informed employees that anyone covered under the current plan must re-enroll to maintain coverage because protection under the old policy would end June 30, 1979.

Accompanying the memo was a booklet explaining the new insurance policy. The policy provided that in the event an eligible person applying for coverage was not regularly performing the duties of his occupation on the effective date of the insurance, the effective date of the insurance for that person would be the first day of the month following the date of return to the regular performance of his duties. The policy further stated that it covered only accidents occurring during the term of the policy.

Carter paid 14 premiums under the new policy and then applied for the $250,000 in benefits. When the insurance company refused to pay, he filed suit against them.

I.N.A. admitted that appellant was entitled to $50,000 under the old policy and deposited that sum plus a refund of the 14 premiums in the registry of the court. The court granted I.N.A.'s motion for summary judgment and dismissed the complaint with prejudice, turning the funds in the court registry over to Carter. After the summary judgment was granted but while motions were pending concerning prejudgment interest and attorney's fees, Carter amended his complaint and joined Woolworth as a party, alleging that Woolworth was the agent, servant and employee of I.N.A. The proceedings were held in abeyance while Carter pursued an appeal from the summary judgment.

In an unpublished opinion on March 7, 1984, the Court of Appeals affirmed the summary judgment.

Woolworth filed a motion to dismiss for failure to state facts

upon which relief can be granted pursuant to Ark. R. Civ. P. 12(b)(6) on August 11, 1982. That motion was denied on October 20, 1982. On September 4, 1984, Woolworth filed an answer and a second 12(b)(6) motion to dismiss. That motion was denied on October 8, 1984 and Carter was required to amend his complaint to state a cause of action. After an amended and substituted complaint was filed, Woolworth again alleged in its answer that Carter failed to state facts upon which relief could be granted and on December 14, 1984 filed a motion styled as a motion for summary judgment/motion to dismiss.

■ The latter motion was granted by the trial court. In its order, the court did not specify whether it was granting the motion for summary judgment or the motion to dismiss. We can safely assume that the court granted summary judgment since the court stated in its order that the decision was based on the motion, the response filed by Carter, the reply filed by Woolworth, and the briefs submitted. Arkansas R. Civ. P. 12(b) provides that if, when considering a Rule 12(b)(6) motion to dismiss, matters outside the pleading are considered by the court, the motion is treated as one for summary judgment.

■ We have also held however, that even if a motion is treated as one for summary judgment, it is incorrect to base the decision on allegations in briefs and attached exhibits. *Guthrie* v. *Tyson Foods*, 285 Ark. 95, 685 S.W.2d 164 (1985); Ark. R. Civ. P. 56(c). Nevertheless, in a similar situation we affirmed the decision in *Guthrie* because the result reached by the court was correct. See *Moose* v. *Gregory*, 267 Ark. 86, 590 S.W.2d 662 (1979).

■■ The same principle is applicable in this case. The trial court was correct in granting appellee's motion. The complaint was subject to dismissal pursuant to Rule 12(b)(6), because it failed to state facts upon which relief could be granted. When a complaint fails to state sufficient facts, we have held that an appellate court may recognize that flaw and sustain the trial court if its result is correct. *St. John* v. *Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985).

■ Appellant's present claim is stated in his amended and substituted complaint as follows: "Woolworth, acting as his insurance broker, misrepresented to him the terms of the policy

by leading him to believe that as an employee of Woolworth he would be covered in event of disability by I.N.A. Insurance Co."

This allegation is simply not a statement of facts showing the pleader is entitled to relief. See *Guthrie* v. *Tyson Foods*, supra. The memo sent by Woolworth to its management employees, and attached to appellant's complaint as Exhibit A, explained that the new plan would replace the current one on July 1, 1979, highlighted the improvements, and stated that employees covered under the current plan must re-enroll under the new program to maintain coverage. No statement was made in the memo which can be interpreted as representing to the appellant that he would be covered under the new plan, given the fact that his disabling injury had already occurred.

In a civil proceeding the allegations in a complaint are presumed to be true. In determining whether a cause of action has been stated, however, that does not mean that a bare allegation of misrepresentation can overcome an accompanying exhibit, here the memo, which plainly refutes the allegation. *St. John* v. *Lockhart*, supra. Accordingly the complaint was properly dismissed with prejudice and the judgment is affirmed.

Affirmed.

PURTLE, J., not participating.