Steve ELDRIDGE, and Others, as a Class *v.* BOARD OF
CORRECTION and Department of Correction of the State
of Arkansas

88-222                                          768 S.W.2d 534

Supreme Court of Arkansas
Opinion delivered May 1, 1989

468

*W. Swain Perkins* and *Larry Dean Kissee*, for appellants.

*Steve Clark*, Att'y Gen., by: *Leslie M. Powell*, Asst. Att'y Gen., for appellees.

JACK HOLT, JR., Chief Justice. Appellant Steve Eldridge, on behalf of a class of individuals, brought suit for declaratory and injunctive relief challenging on several different grounds the site selection for an adult detention facility by the appellee Department of Correction. Relevant to this appeal is Eldridge's claim that the Department failed to comply with the notice and hearing provisions of the Arkansas Administrative Procedure Act, Ark. Code Ann. §§ 25-15-201—25-15-214 (1987). In response to the complaint by Eldridge, the Department moved to dismiss the suit for failure to state facts upon which relief could be granted and, in the alternative, asked that summary judgment be entered in its favor. The court entered an order granting both motions. From that order comes this appeal. We affirm.

Although the chancellor's order reflects the granting of the Department's motion to dismiss as well as the motion for summary judgment, Eldridge acknowledges in his brief that the trial court treated the entire proceeding as one for summary judgment. A review of the record supports Eldridge's observations, and the combined motions to dismiss and for summary judgment should be resolved in accordance with our summary

judgment rule — ARCP Rule 56.

■ ARCP Rule 12(b) provides that if, on motion to dismiss for failure to state a claim, matters outside the pleading are presented to and not excluded by the court, the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Here, the court's order recites that the chancellor considered the "motions, the responses thereto, as well as the pleadings, briefs, exhibits attached thereto, and other matters." Thus, we review this case as any other where there is an appeal following summary judgment. *Carter* v. *F. W. Woolworth Co.*, 287 Ark. 39, 696 S.W.2d 318 (1985); *Guthrie* v. *Tyson Foods*, 285 Ark. 95, 685 S.W.2d 164 (1985).

Eldridge claims that in granting summary judgment the chancellor erred in considering matters contained in the parties' briefs and exhibits attached thereto. To support his position, he cites our opinion in *Guthrie, supra,* where we said that, in treating a motion to dismiss as one for summary judgment, it would have been incorrect for the court to base its decision on allegations in briefs and attached exhibits. We then cited ARCP Rule 56(c), which limits the court to considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any.

■ While the language in *Guthrie* may have been some-what imprecise, the clear import of our discussion was that it would be error for a court on motion for summary judgment to consider any allegations brought out *for the first time* in the parties' briefs and exhibits attached thereto. Such new matters would, of course, go beyond the scope of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, thus being improper under Rule 56(c). We did not mean in *Guthrie*, nor do we mean to imply now, that the parties cannot submit briefs in support of a motion for summary judgment or that the court ought not entertain argument by counsel on the motion.

■ Eldridge is correct in his argument, therefore, only to the extent the chancellor considered matters in the briefs and exhibits which had not been raised previously. We held in both *Guthrie* and *Carter, supra,* that the error would be of no consequence if this court determined that summary judgment

was nonetheless proper.

In arguing that it was error to grant summary judgment, Eldridge maintains that the chancellor disposed of a genuine issue of fact when he ruled that the site selection for an adult detention facility by the Department of Correction does not constitute the adoption of a rule as that term is defined by the Administrative Procedure Act. Eldridge further argues that the chancellor incorrectly ruled in favor of the Department of Correction on that issue. We disagree with Eldridge on both points. The question before the chancellor was one of law, not fact, and we have no hesitancy in affirming the chancellor's conclusion that the Department's activity involved neither rule making nor the adoption of a rule.

Ark. Code Ann. § 12-27-103(a) and (b)(9) (1987) provide that there is established, under the supervision, control, and direction of the Board of Correction, a Department of Correction, which shall have the function, power, and duty, in accordance with the rules and regulations of the Board, to establish and operate regional adult detention facilities. The legislation in question, the Administrative Procedure Act, applies to the various boards, commissions, departments, officers, or other authorities of the State of Arkansas, with such exceptions as are set forth in Ark. Code Ann. § 25-15-202(1)(B). The Department of Correction is not excepted and is therefore subject to the Act.

Apparently, the part of the Act that prompted the suit by Eldridge is section 25-15-204, which sets forth a variety of procedural due process requirements, such as notice and the right to file arguments, which must be met any time an agency subject to the Act either adopts, amends, or repeals any "rule." Section 25-15-202(4) defines "rule" as any agency statement of general applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice of any agency. Subsection (5) defines "rule making" as any agency process for the formulation, amendment, or repeal of a rule.

Eldridge strongly argues that the decision by the Department of Correction to establish an adult detention facility is a statement of general applicability that implements the law authorizing the Department to establish such facilities. While

this construction perhaps involves an interesting argument in semantics, the action of the Department was no more than the carrying out of legislatively mandated administrative duties under section 12-27-103 and not the adoption of a rule within the meaning of section 25-15-202(4) and (5).

Here, the term "rule" has been defined for us, and subsections (4) and (5) of section 25-15-202 were obviously drafted to address those instances in which an agency subject to the Act either formulates, amends, or repeals statements of general applicability and future effect which implement, interpret, or set out provisions having legal consequences, or which describe departmental policies, or explain the organization, procedure, or practice of an agency. Our first rule of construction as to the language of any piece of legislation is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Bolden* v. *Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986). Site selection for the construction of an adult detention facility does not fall anywhere within the definition of the term "rule" as contained in the Act, if for no other reason than that it does not constitute an agency statement of general applicability.

We note that in the complaint by Eldridge there is a claim that the action of the Board of Correction, and hence, the Department of Correction, constituted special or local legislation in violation of the Arkansas Constitution. In his brief on appeal, Eldridge makes vague reference to that claim and suggests there remained a genuine issue of fact on that point. However, Eldridge offers no argument to support his position and makes no reference to the chancellor's resolution of this issue in the order on appeal. We find the claim to be entirely without merit and see no need to discuss the point further.

Because no issue of fact was presented to the chancellor, and because the Department's actions did not constitute the adoption of a rule or rule making as defined by the Act, it was not error to grant the motion for summary judgment.

Affirmed.