Mary CLARK *v.* Robert D. RIDGEWAY, Jr.

95-695 914 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered February 12, 1996

*Sloan, Rubens & Peeples*, by: *Kent J. Rubens* and *Timothy O. Dudley*, for appellant.

*D. Scott Hickam*, for appellee.

Robert L. Brown, Justice. On May 23, 1994, appellant

Mary Clark sued appellee Robert Ridgeway Jr. for legal malpractice premised on a conflict of interest and breach of fiduciary duty. Ridgeway moved to dismiss the complaint on several grounds, including the lawyer immunity statute, Ark. Code Ann. § 16-22-310 (Repl. 1994). He further moved for Rule 11 sanctions and attorney fees under Ark. Code Ann. § 16-22-309 (Repl. 1994). Clark then amended her complaint to include allegations of professional negligence, breach of contract, and fraud. The precise allegations read:

> 12. In August of 1989, Plaintiff and Defendant entered into a contract. Under the terms of the contract, Plaintiff agreed not to object to the appointment of Defendant as a Master in Plaintiff's divorce proceedings. In return, the Defendant agreed that he would not represent either party to the action in the divorce case. The terms of the contract are set forth in Defendant's affidavit, which is attached hereto as Exhibit "A".

> . . . .

> 15. Defendant represented to the Plaintiff that he would not represent either Plaintiff or her husband in the divorce proceedings if Plaintiff did not object to his appointment as Master in the divorce proceedings. Plaintiff conditioned her approval of Defendant's appointment as Master upon Defendant's execution of an affidavit stating that he would not represent either party in the divorce proceedings. That affidavit is attached as Exhibit "A". As set forth above, Defendant later represented Plaintiff's ex-husband in child custody matters and other matters in the divorce proceedings. Plaintiff relied upon Defendant's representation to her detriment and has sustained damages as a proximate result of her detrimental reliance upon Defendant's material representations. Defendant knew or should have known that his representations were false when made.

Exhibit A to the complaint is an affidavit by Ridgeway which was executed on August 11, 1989, and was part of the divorce action between Mary Clark and Harvey Clark in Garland County Chancery Court. The affidavit reads in pertinent part:

1. I am Robert D. Ridgeway, Jr., an attorney licensed and practicing in Garland County, Arkansas, and I have acted as the attorney for Clark Industries, Inc., since its incorporation in 1985. I have advised both parties to this divorce that it would be improper for me to do anything but remain neutral in this case, and that it is my desire to continue to act as attorney for the company.

2. During the time in which I have acted as attorney for the corporation, I have had numerous conversations concerning corporate activities with both Harvey Clark and Mary Clark, some of these conversations occurring in person and some of them by telephone.

3. Although most of my communications have been with Mary Clark concerning corporate business, it has always been my impression from my discussions with them that they were both directly involved in the day to day management of the business. I say this from conversations with both of them, in which they mentioned the other at work and involved at the business, and from my telephone calls to the business asking for either of them, and they would both would (sic) be on the job site.

4. From my knowledge of the corporation and the corporation's business, as mentioned above, it would appear to me that Mrs. Clark is every bit as involved in the day to day management of the business as is Mr. Clark.

A second motion to dismiss the amended complaint was filed by Ridgeway, and that motion reasserted the grounds previously made.

The trial court granted the motion to dismiss. In doing so, it found:

I.

This Court has jurisdiction over the parties and the subject matter of this case.

II.

The Defendant is immune from the Plaintiff's cause

of action pursuant to Arkansas Code Annotated § 16-22-310.

### III.

The Defendant, a licensed attorney, cannot be held civilly liable for conduct carried out in reliance on a Court Order.

### IV.

The Plaintiff's action seeks to re-litigate an issue which has already been decided three (3) times in the Courts, and twice before the committee on Professional Conduct. As such, the Plaintiff's actions are barred by the Doctrines of Res Judicata and Collateral Estoppel.

### V.

The Plaintiff has failed to allege sufficient facts to establish any proximate causation or any other connection between the alleged behavior of the Defendant, and any alleged damages suffered by the Plaintiff.

### VI.

The Plaintiff has failed to state facts upon which relief can be granted.

### VII.

There are no justiciable issues of law or fact.

Clark contends that the dismissal was error.

A history of this case is necessary to establish the context in which this litigation arose. Ridgeway had apparently performed some legal services for Mary Clark, Harvey Clark (her husband), and the family business, Clark Industries, Inc., during the time frame of 1985 to 1989. In 1990, Mary Clark and Harvey Clark were divorced, with the Property Settlement and Child Custody Agreement being filed on January 25, 1990. As part of the divorce proceedings, Ridgeway executed the quoted affidavit on August 11, 1989, and during the divorce proceedings, he was appointed Master of Clark Industries.

In August 1990, after the divorce decree was entered,

Ridgeway represented Harvey Clark and Clark Industries in foreclosure litigation brought by One National Bank against the two clients and Mary Clark. A motion to disqualify Ridgeway as counsel was filed by Mary Clark, and the chancellor denied it.

In 1991, Ridgeway next represented Harvey Clark in a change of custody proceeding involving Clark's children which was resolved. In 1993, the question of whether Clark had complied with a court order concerning therapy sessions was raised by Ridgeway on behalf of Harvey Clark. In 1993, Clark filed suit against Ridgeway and her divorce attorney, but she later dismissed Ridgeway from the suit without prejudice.[1]

In her appeal in the instant case, Clark contests the findings and conclusions by the trial court in its order: (1) that Ridgeway was immune from civil liability, (2) that he justifiably acted in reliance on a court order, (3) that the suit is barred by issue or claim preclusion, (4) that Clark failed to establish proximate causation, and (5) that there are no justiciable issues of fact. We note initially that some of Ridgeway's defenses are affirmative defenses (res judicata and collateral estoppel), which are more typically raised by answer and not by a motion to dismiss. Clark does not object to the procedure followed by Ridgeway, however; nor does she contend that she was prejudiced by the process. We have permitted affirmative defenses to be raised by a motion to dismiss in the past. *See Amos* v. *Amos*, 282 Ark. 532, 669 S.W.2d 200 (1984) (res judicata); *see also Davenport* v. *Pack*, 35 Ark. App. 40, 812 S.W.2d 487 (1991) (laches and limitations). We will consider the defenses in the case at hand.

## I. Summary Judgment

We first address whether the order of dismissal was in reality one for summary judgment. In her amended complaint, Clark attached the 1989 affidavit of Ridgeway as an exhibit. Also, in her response to Ridgeway's motion to dismiss, she attached her own affidavit in which she swore to the facts which led to her "contract" with Ridgeway and the facts that she contends consti-

---

[1] This matter was subsequently appealed to this court, and we rendered a decision in *Callahan* v. *Clark*, 321 Ark. 376, 901 S.W.2d 842 (1995).

tuted a breach. She attached Ridgeway's 1989 affidavit as a second exhibit to her response.

■■ When matters outside the pleadings are presented and not excluded by the trial court in connection with a Rule 12(b) motion, we treat the motion as one for summary judgment under Rule 56 of the Arkansas Rules of Civil Procedure. Ark. R. Civ. P. 12(b) and (c); *see Carter v. F.W. Woolworth Co.*, 287 Ark. 39, 696 S.W.2d 318 (1985); *see also Godwin v. Churchman*, 305 Ark. 520, 810 S.W.2d 34 (1991). The matters which will be considered in summary judgment proceedings are limited to affidavits, depositions, admissions, and answers to interrogatories. Ark. R. Civ. P. 56(c). Because the two affidavits by Clark were not excluded by the trial court and presumably considered by the court, we will treat the dismissal order as one for summary judgment. We emphasize, however, that we will not consider the exhibits attached to Ridgeway's brief in support of his motion to dismiss in our consideration of the propriety of summary judgment, as we have specifically held that to do so would be incorrect. *See Godwin v. Churchman, supra; Eldridge v. Board of Correction*, 298 Ark. 467, 768 S.W.2d 534 (1989); *Carter v. F.W. Woolworth Co., supra; Guthrie v. Tyson Foods, Inc.*, 285 Ark. 95, 685 S.W.2d 164 (1985).

## II. Negligence and Fraud

Mary Clark's first contention in this appeal is that the trial judge erroneously dismissed the case on the basis of the immunity statute for certain lawyers (§ 16-22-310(a)). According to Clark, that statute is inapplicable to this case because privity of contract existed between Ridgeway and her. The privity of contract asserted was based on an oral agreement that Ridgeway could serve as Master for Clark Industries, if he represented neither party in the divorce action. Clark attached Ridgeway's affidavit, which she contends memorializes the contract, and her own affidavit to support her contention.

■ The apposite statute relating to privity of contract and lawyer immunity reads:

> (a) No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas licensed attorneys or any of its employees, partners, members,

officers, or shareholders shall be liable to persons not in privity of contract with the person, partnership, or corporation for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by the person . . . .

Ark. Code Ann. § 16-22-310(a) (Repl. 1994). The language of this section is precise and clear and reveals that the contract contemplated by the statute relates to a contract for professional services performed by the attorney for the client. Here, taking the affidavits submitted at face value and the allegations of a contract to be true, the asserted contract did not relate to Ridgeway's performance of professional services rendered to Mary Clark. Rather, the alleged breach appears to relate to Ridgeway's representation of Harvey Clark in matters concerning the divorce, which he agreed not to do. We admit to having some doubt about whether the 1989 affidavit bound Ridgeway not to represent Harvey Clark after the divorce decree, but even assuming it did, the alleged contract still does not involve Ridgeway's legal representation of Mary Clark.

If privity of contract is held to be lacking, Clark asserts that § 16-22-310(a)(1) still provides for a cause of action against attorneys for intentional misrepresentations or fraud. That is true. To establish fraud, the following elements must exist:

> (1) a false representation, usually of a material fact;

> (2) knowledge or belief by the defendant that the representation is false;

> (3) intent to induce reliance on the part of the plaintiff;

> (4) justifiable reliance by the plaintiff; and

> (5) resulting damage to the plaintiff.

*Wiseman* v. *Batchelor*, 315 Ark. 85, 864 S.W.2d 248 (1993).

Clark alleges in her complaint that Ridgeway knew or should have known that his representations were false "when made." She then goes forward and asserts that Ridgeway "later" served as legal counsel for Harvey Clark in child custody matters which were part of the divorce proceedings. This legal work

occurred after the divorce decree as witnessed by Mary Clark's affidavit attached to her response to motion to dismiss:

> After the divorce, Mr. Ridgeway represented my ex-husband, Harvey Clark, in a custody fight between me and Mr. Clark and also represented Mr. Clark in a court case in which the terms of the settlement agreement reached in the divorce were at issue.

■ It is clear to us that a promise or averment cannot be made false by subsequent events and still fall under the umbrella of intentional fraud unless the party making the promise knew it would not be kept at the time of the promise. *See Anthony* v. *First Nat'l Bank of Magnolia*, 244 Ark. 1015, 431 S.W.2d 267 (1968); *Undem* v. *First Nat'l Bank*, 46 Ark. App. 158, 879 S.W.2d 451 (1994). In the *Undem* case, the Court of Appeals considered an appeal from summary judgment entered in favor of First National Bank of Springdale. An affidavit of the appellant averred that an agent of First National Bank had advised him that he would be relieved of liability on a promissory note he made to the bank when he went off the board of a second bank. He went off the board of the second bank but was then sued by First National Bank on the promissory note. He alleged fraud by the bank's agent but the trial court entered summary judgment against him, apparently on the basis that representations relating to future events cannot afford a basis for actionable fraud. The Court of Appeals reversed and held that a genuine issue of material fact existed on fraudulent inducement.

■ The instant case is different from *Undem* v. *First Nat'l Bank, supra*. Here, Clark points to Ridgeway's legal representation of Harvey Clark after the divorce decree in the foreclosure action and the change-of-custody battle. Unlike the liability on the promissory note in the *Undem* case, neither lawsuit could have been foreseen with any degree of certainty when the 1989 affidavit was made by Ridgeway. Both developed from circumstances arising after the divorce decree. We find no factual basis for the conclusory allegation in Clark's amended complaint that Ridgeway intentionally misrepresented his statement of neutrality in the divorce case on August 11, 1989. *See Evans Indus. Coatings, Inc.* v. *Chancery Court, Union County*, 315 Ark. 728, 870 S.W.2d 701 (1994). Thus, we conclude that no genuine

issue of material fact has been presented on the immunity question with respect to negligence and fraud and that the court's finding and conclusion that Ridgeway was immune from Clark's complaint under § 16-22-310 was correct.

Nor do we view § 16-22-310 as usurping this court's authority to regulate the practice of law. *See* Ark. Const. amend. 28. The statute enunciates the parameters for litigation by clients against attorneys and does not conflict with any rule or decision by this court. The arguments of legislative usurpation and violation of the separation of powers are meritless.

### III. Breach of Contract

As quoted above, Clark alleged in her amended complaint that a contract existed based on mutual promises between herself and Ridgeway. She further alleged that she was damaged by Ridgeway's breach of contract due to loss of custody of her daughters and her property valued at $250,000. In her affidavit attached to her response to the motion to dismiss, she had this to say about the contract:

> 3. After the divorce case between Harvey Clark and me was filed, Mr. Clark and I could not agree on who should run Clark Industries or how it should be run. A suggestion was made that a Master be appointed to oversee Clark Industries during the pendency of the divorce. Mr. Ridgeway was mentioned as a potential candidate for Master. I talked with Mr. Ridgeway and asked his assurance that he would never represent either me or Harvey against the other if he was appointed Master. Mr. Ridgeway promised me that he would not do so because it would not be fair to either party for him to do so since he had represented both parties in the past. Defendant then executed an affidavit in which he stated that it would be improper for him to do anything but remain neutral in the divorce case.

Whether a contract exists or not is for the trier of fact to determine. *Tolson* v. *Dunn*, 48 Ark. App. 219, 893 S.W.2d 354 (1995). Here, the allegations and affidavits are sufficient to raise a fact question as to whether a contract was made. The issue then becomes whether the cause of action is precluded by

prior litigation where breach of contract could have been raised. *See In Matter of Estate of Goston v. Ford Motor Co.*, 320 Ark. 699, 898 S.W.2d 471 (1995).

 Though Ridgeway argues in his brief that his disqualification as counsel has been resolved by at least two chancellors, it does not appear that a decision on Clark's allegation of breach of contract has been made. Was there previous litigation where the issue could have been raised and resolved? We do not think so. It is true that Clark joined Ridgeway briefly as a party defendant to her lawsuit against her divorce attorney in 1993, but she later dismissed him without prejudice. *See Callahan v. Clark*, 321 Ark. 376, 901 S.W.2d 842 (1995). The complaint in the case before us was then filed in 1994. Clark is entitled to have this claim heard. Ridgeway asserts that Clark has already been compensated for any damages due to the successful lawsuit against her divorce attorney. That may be, but we have insufficient information before us to resolve that issue on summary judgment. For these reasons, we reverse the trial court's order solely as it pertains to Clark's complaint of breach of contract and remand for trial.

### IV. Miscellaneous Points

 Clark further urges that Ridgeway purposefully failed to disclose his 1989 affidavit to the chancellors who denied his disqualification as counsel. Because Clark presumably had a copy of the affidavit, as it was part of her divorce proceedings, we give this point little credence.

 On another point, whether sufficient facts support proximately caused damages is no longer relevant. Proximate causation is an essential element for a cause of action in negligence. W. Page Keeton et al., *Prosser & Keeton on the Law of Torts*, § 41, at 263 (5th ed. 1984). We have held in this opinion that Ridgeway is immune from a negligence claim due to lack of privity. The only viable claim is breach of contract, and proximate causation is not an essential element to a finding of damages due to contractual breach.

 Finally, Clark asserts a breach of fiduciary duty and conflict of interest on Ridgeway's part. These claims appear to be closely aligned to her claim of legal malpractice and fraud

and arise out of his representation of Harvey Clark after the divorce decree in connection with the property of the marriage and custody matters. We perceive no duty flowing to Clark from Ridgeway based on legal representation as already discussed. This claim has no merit, and we affirm the trial court's order on this point.

Affirmed in part. Reversed in part and remanded.