The Honorable Peggy Jeffries State Senator 5 Free Ferry Circle Fort Smith, Arkansas 72903
Dear Senator Jeffries:
This opinion is being issued in response to your recent questions regarding the process by which the board of the Arkansas Teacher Retirement System adopts its own procedures. You make reference to Attorney General Opinion No. 96-219, in which I concluded that the board is entitled to adopt the procedure of its choice with regard to the approval and disapproval of the executive director's hiring and purchasing decisions. With regard to this conclusion, you have presented the following questions:
 (1) Must the board adopt its procedure when the board is in a legally convened meeting?
 (2) Must the board's act of adopting a procedure be noted in the board's minutes or in some other record of its proceedings?
 (3) Would the board be better positioned to defend itself against complaints/legal actions regarding hiring and purchasing decisions if it:
(a) Adopted a procedure while assembled in a legally convened meeting?
(b) Documented its act of adopting a procedure?
 (c) Noted its procedure in its collection of policies which have also been adopted and distributed to members of the board?
RESPONSE
Question 1 — Must the board adopt its procedure when the board is in alegally convened meeting?
It is my opinion that the board must adopt its rules of procedure when the board is legally convened. The board cannot act as a board unless it does so in the context of a meeting that satisfies the requirements of A.C.A. § 24-7-304. For example, the meeting must be public, and a quorum of the legally serving members must be present. Action taken by members of the board in a context or under circumstances where the requirements of A.C.A. § 24-7-304 are not satisfied does not constitute action by the board.
Question 2 — Must the board's act of adopting a procedure be noted in theboard's minutes or in some other record of its proceedings?
It is my opinion that state law does not mandate the manner in which the board must adopt its procedures, or whether the act of adopting its procedures must be noted in any record of its proceedings. The board may, for example, adopt procedures for certain matters simply by means of habitually following a certain procedure. This approach would be particularly likely to occur with the adoption of procedures to be followed in carrying out administrative duties such as the approval of hiring and purchasing decisions. State law does not require a formal, recorded act of adopting procedures. Of course, all of the board's proceedings that take place pursuant to its adopted procedures must, under A.C.A. § 24-7-304(d), be recorded. For example, the board must record the fact that it has approved or disapproved a hiring or purchasing decision of the director. But it need not formally record a decision to follow a particular procedure in executing that approval or disapproval.
This conclusion is bolstered by the Arkansas Supreme Court's decision inEldridge v. Board of Correction, 298 Ark. 467, 768 S.W.2d 534 (1989). In that case, the court held that the selection of a facility site by the Department of Corrections did not constitute a "rule" within the meaning of the Administrative Procedure Act, and therefore the Act's requirements regarding the adoption of rules did not have to be complied with in selecting the site. Rather, the court held, the site selection constituted nothing more than the carrying out of a legislatively mandated administrative duty.
In my opinion, the board's act of approving or disapproving the director's hiring and purchasing decisions likewise constitutes nothing more than the carrying out of legislatively mandated administrative duties. Although the law requires that the act of approving or disapproving the director's hiring and purchasing decisions be recorded, the law does not require a formal decision and record thereof setting forth the manner in which that administrative duty is to be carried out.
Question 3 — Would the board be better positioned to defend itselfagainst complaints/legal actions regarding hiring and purchasingdecisions if it:
(a) Adopted a procedure while assembled in a legally convened meeting?
(b) Documented its act of adopting a procedure?
(c) Noted its procedure in its collection of policies which havealso been adopted and distributed to members of the board?
Any complaint or legal challenge will be characterized by its own particular facts and circumstances. I therefore cannot opine generally as to the effectiveness of any defense to such a challenge. There is no doubt that the issues raised in a challenge of this nature will be more clearly delineable if documentation of all challenged action is available. However, the strength of the defensive position in relation to the challenge will depend entirely upon the particular challenge and the specific facts upon which it is based.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh