James MEADORS v. ARKADELPHIA PUBLIC SCHOOLS

CA 99–382                                        10 S.W.3d 109

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered February 2, 2000

*Roachell Law Firm*, by: *William L. Pusch*, for appellant.

*McMillan, Turner, McCorkle & Curry*, by: *Ed W. McCorkle* and *F. Thomas Curry*, for appellee.

OLLY NEAL, Judge. Appellant, James Meadors, appeals from an order of the Clark County Chancery Court

granting a motion to dismiss to appellee, Arkadelphia Public School District, under Ark. R. Civ. P. 12(b)(6), and finding that Meadors's complaint did not activate the provisions of the Teacher Fair Dismissal Act of 1983, Ark. Code Ann. § 6-17-1501 *et seq.* On appeal, Meadors argues that the removal of his position as head football coach constituted a nonrenewal of his 1998-1999 teacher's contract and that the trial court erred in granting appellee's motion to dismiss. We affirm.

The material facts in this case involve three teaching contracts entered between the appellee and Meadors during the years of 1996-1999. During the 1996-1997 school year, Meadors's contract with the District provided that Meadors would perform the following services:

| | |
|---|---|
| Primary responsibility | Teaching and other school related duties |
| Related responsibilities | Head football coach=$3,000 |

The contract further stated that Meadors would receive an annual salary of $37,022 and that he would be subject to transfer or reassignment at the direction of the superintendent. Meadors's 1997-1998 teaching contract stated that appellant would perform the following specific duties:

| | |
|---|---|
| Primary responsibility | Teaching and other school related duties |
| Related responsibilities | Coach=$3,000 |

The contract contained the same provision as the 1996-1997 contract that "teachers, principals, and other staff members are subject to transfer or reassignment at the recommendation of the superintendent." During the 1997-1998 school year, Meadors remained as head football coach and received a salary of $37,786.99.

By memorandum dated April 24, 1998, appellant was notified that the school board had voted on April 21, 1998, to reemploy him for the 1998-1999 school year and that he would be reassigned from head football coach to the junior high school football coach. Meadors was also informed that his annual salary would not be reduced.

On September 11, 1998, Meadors filed an amended and substituted complaint, alleging that his duties under the 1998–1999 teaching contract were vastly different and inferior to those duties provided in his 1997–1998 contract. Meadors alleged that the duties outlined in the 1998–1999 contract increased his work hours, which resulted in a per diem loss of his income, and caused damage to his reputation and standing in the community. The language found in the 1998–1999 contract was essentially the same as the language contained in Meadors's 1997–1998 contract. On September 17, 1998, appellee filed a motion to dismiss appellant's complaint on the basis that appellant failed to state a claim upon which relief could be granted, pursuant to Ark. R. Civ. P. 12(b)(6).

A hearing was held December 18, 1998, to address the issue of whether the actions taken by appellee had activated the provisions of the Teacher Fair Dismissal Act. In finding that the Act had not been triggered, the trial court noted that Meadors was still assigned to football coaching duties and that he would be working the same number of days under 1998–99 contract that he worked under 1997–1998 contract. The trial court further found that Meadors' salary had not decreased under the 1998–1999 contract. Thereafter, the trial court granted appellee's motion to dismiss.

When reviewing a trial court's ruling on a motion to dismiss under Ark. R. Civ. P. 12 (b) (6), the appellate court treats the facts alleged in the complaint as true and views them in the light most favorable to the party who filed the complaint. *Ghegan v. Weiss*, 338 Ark. 9, 991 S.W.2d 536 (1999).

Appellant argues that appellee's action in removing him from the position of head football coach constituted a nonrenewal, and not a reassignment. Thus, he argues that the procedural and substantive protections of the Teacher Fair Dismissal Act were applicable.

The Teacher Fair Dismissal Act provides in pertinent part:

> Every contract of employment made between a teacher and the board of directors of a school district shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law, for the next school year succeeding the date of termination fixed therein, which renewal may be made by an endorsement on the existing contract instrument, unless:

(1) By May 1 of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed;

(2) During the period of the contract or within ten (10) days after the end of the school year, the teacher shall send by certified or registered mail to the president, vice-president, or secretary of the board of directors of the school district, with a copy to the super-intendent, or may deliver in person to the president, vice-president, or secretary of the board of directors of the school district, with a copy to the superintendent, his or her resignation as a teacher; or

(3) The contract is superseded by another contract between the parties.

Arkansas Code Annotated § 6-17-1506(a) (Repl. 1999).

■■ In this case, the District's proposed 1998-1999 Teacher Contract constituted a reassignment of appellant's duties, and not a nonrenewal. The 1998-1999 contract recited the same terms and salary as the contract for the previous year, and it clearly stated that teachers were subject to transfer or reassignment at the recommendation of the superintendent. Appellant argues that the 1998-1999 contract was not on the same terms as his contracts from previous years because his head-football-coach position was nonrenewed. In support of this argument, appellant relies on the facts set out in *Western Grove School Dist. v. Terry*, 318 Ark. 316, 885 S.W.2d 300 (1994). However, that case is distinguishable because *Terry* involved a high school teacher/coach whose salary was reduced by $6,000 and whose coaching responsibilities were totally divested. In this case, appellant's salary did not decrease and his coaching duties were merely reassigned to the junior high school football program. Further, Meadors signed the 1998-1999 contract on July 8, 1998, following his reassignment to junior high football coach, and he endorsed the language of "coach" found in the 1998-1999 contract, which was the same language contained in the 1997-1998 contract. In *McCaskill v. Fort Smith Pub. Sch. Dist.*, 324 Ark. 488, 921 S.W.2d 945 (1996), the Arkansas Supreme Court held that when a teacher signs a superseding contract following a reassignment or nonre-newal, the notice requirement of the Teacher Fair Dismissal Act no longer applies. *Id.* at 433, 921 S.W.2d at 948.

■ Upon review of the record, we conclude that the trial court did not err in granting the motion to dismiss and that the Teacher Fair Dismissal Act was not applicable.

Affirmed.

ROBBINS, C.J., and PITTMAN, JENNINGS, and STROUD, JJ., agree.

MEADS, J., dissents.

M ARGARET MEADS, Judge, dissenting. I disagree with the majority because I believe this case was mishandled procedurally. After appellant filed his amended and substituted complaint, appellee moved to dismiss pursuant to Ark. R. Civ. P. 12(b)(6) contending that appellant had failed to state facts upon which relief could be granted. In determining whether to dismiss a complaint under this rule, it is improper for the trial court to look beyond the complaint. *Guthrie v. Tyson Foods, Inc.* 285 Ark. 95, 685 S.W.2d 164 (1985). When this court reviews a trial court's decision on a rule 12(b)(6) motion, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party seeking relief. *Allred v. Ark. Dep't of Correction School Dist.*, 322 Ark. 772, 912 S.W.2d 4 (1995); *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991). Appellant alleged in his complaint that he was advised he would be "reassigned" from the head football coaching position. He further alleged that the "reassignment" was "such a substantial change in responsibility and a 'For Cause' termination" to constitute a breach of contract. The trial court should have treated these allegations as true. Instead, the trial court made a factual determination that appellant was merely reassigned, not terminated, stating:

> Mr. Meadors' salary was not decreased. He is working the same number of days under the 1997-98 contract as he did under the 1998-99 [sic] contract. Even though he is not the Head Football Coach at the High School, he is still assigned to football coaching duties. . . . For these reasons, the court finds that the provisions of the Teacher Fair Dismissal Act have not been activated by the actions taken by [appellee].

I believe both the trial court and the majority have decided a question of fact in determining that appellee's actions constituted a reassignment and not a nonrenewal. They have not treated the facts

alleged in the complaint as true and viewed them in the light most favorable to appellant.

I would reverse to give appellant his day in court.