The Honorable John Paul Capps, Co-Chair The Honorable LeRoy Dangeau, Co-Chair Subcommittee on Administrative Rules Arkansas Legislative Council State Capitol, Room 433 Little Rock, AR 72201
Dear Senator Capps and Representative Dangeau:
You have presented the following questions for my opinion:
 (1) Does the exception to the promulgation of rules in A.C.A. § 25-15-202(8)(B)(i) concerning the internal management of any agency apply to a statewide reduction in force policy promulgated by the Department of Finance and Administration?
 (2) Does a statewide reduction in force policy promulgated by the Department of Finance and Administration affect the private rights or procedures available to the public, therefore subjecting it to the Administrative Procedure Act?
Response
Question 1 — Does the exception to the promulgation of rules in A.C.A. §25-15-202(8)(B)(i) concerning the internal management of any agency applyto a statewide reduction in force policy promulgated by the Department ofFinance and Administration?
It is my opinion that the exception stated in A.C.A. § 25-15-202(8)(B)(i) concerning agencies' internal management does apply to a statewide reduction in force policy promulgated by the Department of Finance and Administration.
This exception that is stated in A.C.A. § 25-15-202(8)(B)(i) is part of the Administrative Procedure Act (APA), which is codified at A.C.A. §25-15-201 et seq. The APA sets forth various procedural requirements that must be met in order for agencies that are subject to the APA to validly enact "rules." See A.C.A. § 25-15-204. The APA defines the term "rule" for purposes of those requirements as follows:
 (4)(A) "Rule" means any agency statement of general applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice of any agency and includes, but is not limited to, the amendment or repeal of a prior rule.
A.C.A. § 25-15-202(8)(A).
The above-quoted definition is followed by the exception language that is the subject of your question:
(B) "Rule" does not mean:
 (i) Statements concerning the internal management of an agency and which do not affect the private rights or procedures available to the public[.]
A.C.A. § 25-15-202(8)(B).
The Arkansas Supreme Court has not construed the phrase "internal management" as used in the exception provision. However, in two cases the court has construed the phrase "general applicability" as used in the definition of the term "rule," quoted above, and these cases do provide a starting point for determining what does and does not constitute a "rule." In Eldridge v. Board of Correction, 298 Ark. 467, 768 S.W.2d 534
(1989), the court held that the selection by the Department of Correction of a site for an adult detention facility did not constitute the adoption of a "rule" within the APA's definition of "rule." The court reasoned that the carrying out of a legislatively-mandated administrative duty does not constitute rule-making and does not fall within the language of the statutory definition of "rule." The court stated:
 Here, the term "rule" has been defined for us, and subsections (4) and (5) of section 25-15-202[1] were obviously drafted to address those instances in which an agency subject to the Act either formulates, amends, or repeals statements of general applicability and future effect which implement, interpret, or set out provisions having legal consequences, or which describe departmental policies, or explain the organization, procedure, or practice of an agency. Our first rule of construction as to the language of any piece of legislation is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language.
Eldridge, 298 Ark. at 471.
In Arkansas Pharmacist's Assoc. v. Arkansas Ins. Bd., ___ Ark. ___,98 S.W.3d 27 (2003), the court built upon the reasoning previously employed in Eldridge. In Pharmacist's Assoc., the Association argued that the Insurance Board's recommendation of changes in the terms of a contract with a benefits management provider constituted a rule-making procedure within the meaning of the APA. The court rejected the argument, holding that such recommendations did not constitute a "rule-making." The most helpful part of the court's opinion was its review of cases from other jurisdictions, cited by the appellants, concerning the issue of what constitutes "general applicability." One case that the court distinguished was Senn Park Nursing Center v. Miller, 470 N.E.2d 1029
(Ill. 1984), in which the Illinois court had held that an agency's statement of its "inflation update policy" was a rule of general applicability. Particularly telling was the court's description of the agency's policy. It "does implement a policy of the agency and is not a statement dealing only with the internal management of the agency. Therule does affect the rights and procedures available to people outsidethe agency." Senn Park, 470 N.E.2d at 178 (emphasis added). The ArkansasPharmacists' court distinguished Senn Park on the grounds that the contract terms recommendations that were at issue in the ArkansasPharmacists involved the Board's recommendations to amend a single pharmacy benefit services contract, whereas the inflation update policy that was at issue in Senn Park was an alteration to a state Medicaid plan that affected every nursing home facility that participated in the Medicaid program. The fact that the court distinguished Senn Park, with its explicit description of "general applicability" is an indication of what the Arkansas court might consider to constitute a rule of "general applicability." Using the Senn Park court's description as a guideline, I conclude that if an agency's policy affects rights and procedures that are available only to people inside the agency, it is not a rule of general applicability.
In my opinion, DFA's workforce reduction policy is such a policy. That is, the workforce reduction policy affects rights and procedures that are available only to people inside DFA, and does not affect any right or procedure that is available to people outside the agency. For this reason, I conclude that DFA's workforce reduction policy comes within the exception language of A.C.A. § 25-15-202(8)(B)(i), and is therefore not subject to the various procedural requirements of the APA that are applicable to the enactment of "rules."
My conclusion is bolstered by a "common language" reading of the terms "internal management" "private rights," and "procedures available to the public," as used in A.C.A. § 25-15-202(8)(B)(i).
Question 2 — Does a statewide reduction in force policy promulgated bythe Department of Finance and Administration affect the private rights orprocedures available to the public, therefore subjecting it to theAdministrative Procedure Act?
No. See response to Question 1.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] The current subsections (8)(A) and (B) of A.C.A. § 25-15-202 were previously codified as subsections (4) and (5) of that statute.