SLIP OPINION

Cite as 2015 Ark. App. 331

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–14–713

| | |
|---|---|
| SMS PLANTING COMPANY d/b/a SMS FARMS | **Opinion Delivered** MAY 20, 2015 |
| APPELLANT | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. CV 2010-215-1] |
| V. | |
| FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC.; STEPHEN D. SESSIONS; and STEVE SESSIONS, INC. | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| APPELLEES | REVERSED AND REMANDED |

---

**PHILLIP T. WHITEAKER, Judge**

This is an insurance-coverage case. SMS Planting Company brings this appeal from the order of the Desha County Circuit Court granting summary judgment to appellees Farm Bureau Mutual Insurance Company of Arkansas, Inc., and Stephen Sessions, SMS's insurance agent.[1] We hold that the circuit court erred in granting summary judgment to both Farm Bureau and Sessions.

---

[1] Sessions's agency, Steve Sessions, Inc., was also named as a defendant. For convenience, references to Sessions include both him and his agency.

I. *Procedural History*

SMS is a farming operation. It contacted Sessions about a crop-loss insurance policy. On September 7, 2009, Farm Bureau, through Sessions, issued an insurance policy to SMS for loss to its rice. The named-peril policy provided coverage for direct loss caused by, among other things, lightning or windstorms. The policy was issued for 157 days, beginning that same day.

At some unspecified point that September,[2] there was a loss of electrical power to SMS's four grain bins where its rice was stored. The power outage caused the aeration and drying system in SMS's grain bins to stop working.[3] Although there was no physical damage to the bins or the machinery, SMS believed that the outage was caused by a windstorm or lightning. The day after the power outage, SMS notified Sessions of the event and of its preliminary investigation of potential damage and staining to the rice in Bin 3.[4] Ultimately, SMS was unable to sell its rice for its contracted price because of the staining. When Farm Bureau denied SMS's claim for loss, SMS sued Farm Bureau for failure to pay the loss SMS sustained. Later, SMS amended its complaint to add Sessions as a defendant, alleging a special relationship between it and Sessions such that Sessions had a duty to advise SMS as to its

---

[2] The exact date of this power-outage event was uncertain. However, SMS later filed a proof of loss with Sessions, stating that the loss occurred on September 22, 2009.

[3] A failure in aeration and drying can overheat the rice because of its high moisture content, causing damage known as stackburn, which results in staining and discoloration to the rice.

[4] Although the power to all four of the bins went out, only the rice in Bin 3 was damaged because it had been loaded in the bin just that day and had not had sufficient time to dry.

insurance needs and that Sessions was negligent in failing to procure a policy that would cover SMS's damages.

## II. *Farm Bureau's Motion*

Farm Bureau filed a motion for summary judgment. It argued that it was undisputed that there was no wind damage or lightning damage to any of the grain bins. Farm Bureau contended that there was no "direct loss" within the meaning of the policy because there was no physical damage to the grain bins or machinery. As proof in support of this position, Farm Bureau referred to the deposition testimony of SMS representatives admitting that there was no evidence of wind or lightning damage to the grain bins. SMS responded that summary judgment was not appropriate, arguing that the same deposition testimony created material issues of fact that wind or lightning caused the power failure. The court found that SMS had failed to meet proof with proof that the damage to its rice was caused by a covered peril. The court granted Farm Bureau's motion for summary judgment and dismissed SMS's complaint with prejudice.

The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material facts to be litigated, and the party is entitled to judgment as matter of law. *Harrisburg Sch. Dist. No. 6 v. Neal*, 2011 Ark. 233, 381 S.W.3d 811. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id*.

The dispositive issue is whether SMS suffered a direct loss by a covered peril. To survive Farm Bureau's motion for summary judgment, it was SMS's burden to make an initial

prima facie case that its damages were covered under the insurance policy. *Reynolds v. Shelter Mut. Ins. Co.*, 313 Ark. 145, 852 S.W.2d 799 (1993); *Home Mut. Fire Ins. Co. v. Jones*, 63 Ark. App. 221, 977 S.W.2d 12 (1998). To meet this burden, SMS presented the deposition testimony of Jason Smith, a partner with SMS. He testified that he lives on the same farm as the grain bins and that his house is approximately 400 yards away from them. He contended that the storm started in the afternoon and continued into the evening. Smith's house lost electrical power between 8:00 p.m. and 9:00 p.m. and it stayed off until early the next morning. Smith said that there was physical damage to some shingles on his house the next morning, and that the power was out in the bins upon inspection later that same morning. Smith also said that while there was no physical damage to any of the four grain bins or the dryers, there were some downed power lines in the area. According to Smith, a windstorm caused the power to go out.

On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Campbell v. Asbury Auto, Inc.*, 2011 Ark. 157, 381 S.W.3d 21. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id*. The object of summary-judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied. *Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234 (2007); *Davis v. Schneider Nat'l, Inc.*, 2013 Ark. App. 737, 431 S.W.3d 321. When viewing the foregoing facts favorably to SMS, one could infer that the same wind event that caused the power outage and damage to Smith's house also

caused the power outage at the grain bins a mere 400 yards away. *See Shrum v. S. Farm Cas. Ins. Co.*, 312 Ark. 151, 848 S.W.2d 395 (1993) (reversing summary judgment and holding jury question presented by evidence from which inference of negligence could be drawn as to soap on bathroom floor). As such, summary judgment in favor of Farm Bureau was improper.[5]

### III. *Sessions's Motion*

Sessions filed a motion to dismiss SMS's complaint for failure to state facts upon which relief can be granted under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. Sessions also, however, attached to his motion copies of other similar named–peril policies that he had obtained for SMS, both before and after the policy at issue. The court granted Session's requested relief, finding that SMS failed to state a cause of action against him. On appeal, SMS argues that the circuit court erred because it stated sufficient facts showing that it had a special relationship with Sessions such that Sessions had a duty to provide SMS with adequate coverage and to advise it of any limitations of coverage. SMS further argues that whether a special relationship existed is a question of fact, making summary judgment inappropriate. We hold that, for procedural reasons, the circuit court erred in dismissing SMS's amended complaint as to Sessions. As a result, we do not address SMS's specific arguments.

We must first analyze what, exactly, was the nature of the motion considered by the circuit court. The motion filed by Sessions was ostensibly a motion to dismiss under Arkansas

---

[5]Because we find that there is a material issue of fact as to whether SMS's loss was caused by a covered peril, we need not address SMS's second point concerning SMS's damages and the commingling of the rice. The parties and the circuit court can address these issues anew on remand.

Rule of Civil Procedure 12(b)(6). However, as stated above, Sessions also submitted attachments to his motion, which were matters outside of the pleadings. Our courts have held that it is improper for the circuit court to look beyond the complaint to decide a Rule 12(b)(6) motion. *See Clark v. Ridgeway*, 323 Ark. 378, 914 S.W.2d 745 (1996). When matters outside the pleadings are presented and not excluded by the trial court in connection with a Rule 12(b)(6) motion, the motion is treated as one for summary judgment and disposed of as provided in Arkansas Rule of Civil Procedure 56. *Id.*; *see also* Ark. R. Civ. P. 12(b); *Short v. Westark Cmty. Coll.*, 347 Ark. 497, 65 S.W.3d 440 (2002). Here, it is apparent that the circuit court went beyond the complaint in considering the Rule 12(b)(6) motion. Thus, the circuit court converted that motion to one for summary judgment under Rule 56. Given that treatment, we must now consider whether the court complied with Rule 56 in granting Sessions's relief.

As noted above, Rule 56 provides that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material facts to be litigated, and the party is entitled to judgment as matter of law. *Harrisburg Sch. Dist. No. 6*, *supra*. The moving party must establish a prima facie entitlement to summary judgment. The moving party may submit specified supporting documentation as its proof of entitlement to relief. "The matters which will be considered in summary judgment proceedings are limited to affidavits, depositions, admissions and answers to interrogatories." *Clark*, 323 Ark. at 385, 914 S.W.2d at 748. Here, the only "proof" submitted by Sessions were copies of other insurance policies purchased by SMS, which Sessions attached to his motion. Clearly, these attachments are not "pleadings, depositions, answers to interrogatories and admissions on file, together

with the affidavits, if any" for summary-judgment purposes. Ark. R. Civ. P. 56(c). By considering matters beyond the scope of the specified supporting documentation permissible under Rule 56, the circuit court erred for purposes of summary judgment.

Moreover, although the circuit court made an alternative ruling that SMS's amended complaint failed to state a cause of action against Sessions, we cannot affirm the circuit court on that basis. In making the alternative ruling, the circuit court made a finding that the deposition testimony submitted by Farm Bureau—not Sessions—showed that SMS and "the Smiths would not have relied upon Sessions for any business advice." However, this would again be an improper consideration in deciding a motion to dismiss because this supporting evidence was not apparent from the face of SMS's complaint. *See King v. Whitfield*, 339 Ark. 176, 179, 5 S.W.3d 21, 22 (1999).

Accordingly, we reverse the circuit court's order granting Sessions's motion and remand the case to the circuit court for consideration of Sessions's motion to dismiss using the proper standard.

Reversed and remanded.

VIRDEN and GRUBER, JJ., agree.

*Berry Law Firm, P.A.*, by: *Russell D. Berry and Michelle L. Jacobs*, for appellant.

*Turner Law Firm P.A.*, by: *Andy L. Turner and Ben C. Hall*, for appellee Farm Bureau Mutual Insurance Company of Arkansas, Inc.

*Cahoon & Smith*, by: *David W. Cahoon*, for appellees Stephen D. Sessions and Steve Sessions, Inc.